LEMMON, Judge.
Wagenvoord Broadcasting Company, Inc. sued “Burton Blanchard and John Rhodes, individually, and d/b/a Electronic Sales and Service” for damages and breach of contract. From a default judgment against these defendants in solido and in favor of Wagenvoord in the amount of $16,800.00, John Rhode (erroneously designated in the petition as John Rhodes) appealed devolutively.
Wagenvoord is the owner and operator of Radio Station WWOM-AM-FM in the city of New Orleans under a license granted by the Federal Communications Commission (F.C.C.). Two contracts to maintain and service the studio, transmitter and music equipment and to make all equipment checks as required by the F.C.C. were proposed and prepared by Electronic Sales *636 and Service and accepted by Wagenvoord. Burton Blancher (erroneously designated in the petition as Burton Blanchard) signed the contracts on behalf of the service company. In addition to the cost of parts Wagenvoord paid $6,800.00 for services under these contracts, which were to terminate on June 10, 1969.
On May 26, 1969 the F.C.C. inspected the station and found numerous technical violations, the most serious of which was operation for several months in 1969 with power in excess of 500 watts before local sunrise. The station was authorized to operate at 500 watts until sunrise and at 1,000 watts from sunrise to sunset.
The program director testified that Blancher had informed him that the F.C.C. regulations had been changed so that the station was no longer required to sign on at low power. Blancher and his employees therefore dismantled the equipment which allowed the station operator to employ low power. Because of this, the station was not thereafter capable of operating at the 500 watt level.
The president and general manager of the station testified that Blancher admitted the error to him, but later denied this to the F.C.C. As a result the station was fined $10,000.00.
The default judgment apparently included the $10,000.00 fine and the $6,800.00 payment for services, and the trial court rejected all other claims of damages.
In this court Rhode assigns several errors in the trial court judgment, but we discuss only the one on which we annul that judgment as it applies to him. The petition alleges that Electronic Sales and Service is an unincorporated entity, by which the two named defendants operated the business under the trade name.
However, the evidence does not support this allegation. There is no reference to Rhode in the contract or in any documentary evidence presented. He did not sign the contract, and there was no testimony whatsoever that he gave the incorrect advice or participated in the dismantling of the equipment. In fact, the only evidence which could possibly be construed to hold Rhode liable in this suit is the testimony of general manager that he thought Rhode and Blancher “were the two apparent principals from the company”, and the testimony of the program director that after the F.C.C. inspection he discussed the matter with both Blancher and Rhode.
We believe that this evidence is insufficient to confirm a judgment of default against Rhode under C.C.P. art. 1702.[1] The plaintiff who seeks a judgment by default must prove the essential allegations of his petition as if the allegations had been specifically denied. Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162 (1962). In this case plaintiff has failed to produce evidence of any facts which would establish a relationship between Rhode and Electronic Sales and Service, except possibly that of employer-employee. Therefore, there is no basis for a judgment against Rhode in this suit for breach of contract.
We are not called upon to review the judgment against Blancher, who did not institute a timely appeal.
For the reasons assigned, the judgment of the trial court in favor of Wagenvoord Broadcasting Company, Inc. and against John Rhode is annulled and set aside, and the case is remanded to the trial court in order that both parties may present their respective positions at a trial on the merits. Defendant John Rhode is granted 15 days from the final date of our judgment within which to file responsive pleadings. The costs of this appeal are assessed to plaintiff.
Annulled and set aside and remanded.

. Art. 1702 reads in pertinent part: “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie ease.”