335 So.2d 45 (1976)
CARBOLINE COMPANY
v.
Ray HYMEL, d/b/a Jay-Ray Sandblasting.
No. 7442.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1976.
Jacob L. Karno, Metairie, Charles S. McKendrick, Jr., New Orleans, for plaintiff-appellee.
Windhorst, Heisler, de Laup & Wysocki, Frederick P. Heisler, Steven M. Koenig, New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Carboline Company, filed suit on an open account of $4,913.30 against defendant, Ray Hymel, doing business as Jay-Ray Sandblasting. Although Hymel was served personally, no answer was filed and plaintiff took a default judgment. Defendant has appealed devolutively.
In this court defendant filed an exception of no cause of action, averring it is apparent from the face of the pleadings and attached exhibits that he was sued individually for the corporate debt of Jay-Ray Sandblasters and Painters, Inc.
The petition alleges Hymel was indebted to plaintiff for $4,913.30; that defendant received the merchandise described on the itemized account attached as an exhibit; and further that he has acknowledged the indebtedness and promised to pay plaintiff this amount but has failed to do so. Three of the six invoices annexed to the petition and alleged to comprise the past due indebtedness show material was delivered to "Jay-Ray Sandblasters, c/o Hunt Engine" and the other three reflect material was sold to "Jay-Ray Sandblasters & Painters Incorporated." In confirming the default, plaintiff filed an affidavit of correctness of account, which reads:
"Comes now the undersigned, vice-president of Carboline Company, a Missouri *46 corporation, and states that Ray Hymel d/b/a Jay-Ray Sandblasting is indebted to Carboline Company in the sum of $4,913.30 for goods and materials delivered to Ray Hymel as is reflected on the books of the said Carboline Company and the invoices attached to this affidavit."
The allegations in the petition quoad the individual liability of the defendant are contradicted by the invoices attached as exhibits. Further the affidavit of the Carboline executive relates Hymel's individual liability with the invoices filed in the record.
We will not maintain the exception of no cause of action because the petition on its face does aver Hymel's individual liability. However, we vacate this judgment because plaintiff failed to meet the requisites of C.C.P. art. 1702, which provides in part: "A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." This has been interpreted to mean plaintiff, in confirming a default judgment, must prove the essential allegations of his petition as if they had been specifically denied.[1] Because plaintiff's own exhibits contradict its assertion as to Hymel's individual liability, we conclude there is insufficient evidence to support the judgment.
We do note defendant was aware of the pending lawsuit against him individually and failed to present his defenses and/or exceptions. Therefore, we think justice requires our remanding this matter to permit plaintiff to present whatever clarification or amendment might be necessary to properly present his claim.
For the reasons assigned the judgment appealed is annulled and this matter is remanded for further proceedings consistent with the views herein expressed. Costs will be assessed after trial on the merits.
JUDGMENT ANNULLED; REMANDED.
REDMANN, Judge (concurring).
No case against the individual was proven. Because the attached contradicting invoices are part of the petition, C.C.P. 853, no cause of action is even alleged; but conceivably one could be, and therefore amendment could be allowed, C.C.P. 934. Certainly on an attempted confirmation of default a trial judge should not dismiss merely because of failure to allege a material element of a cause of action; nor, on appeal, should we. I therefore concur in the remand.
NOTES
[1] Wagenvoord Broadcasting Company v. Blanchard, 255 So.2d 635 (La.App.4th Cir. 1971); Calvert Fire Insurance Company v. Felton, 244 So.2d 311 (La.App.4th Cir. 1971).