377 So.2d 864 (1979)
PREMIER BRANDS, INC.
v.
Lloyd O. MARTINY, Sr. and Lloyd O. Martiny, Jr. d/b/a F. A. Martiny & Son, Inc.
No. 10183.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
David D. Duggins, New Orleans, for plaintiff-appellee.
Bagert, Bagert & McDonald, Broderick A. Bagert, New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON, BOUTALL, BEER and GARRISON, JJ.
SAMUEL, Judge.
This matter has been reargued before a panel of five judges as required by Article 5, § 8(B) of the 1974 Constitution. It is an appeal from a $25,321.59 default judgment (plus legal interest, costs and attorney's fees) rendered against one of the defendants, Lloyd O. Martiny, Jr. No judgment was taken against the other defendant, Lloyd O. Martiny, Sr., because of his death shortly after service of citation.
Plaintiff's petition is styled "Petition on Open Account." It names as defendants, and prays for judgment against, only "Lloyd O. Martiny, Sr. and Lloyd O. Martiny, Jr., d/b/a F. A. Martiny & Son, Inc." The corporation, F. A. Martiny & Son, Inc., is not named as a defendant nor was it cited or served with a copy of the petition. The petition contains no allegation regarding liability of that corporation, and there are no allegations consistent with an attempt by plaintiff to "pierce the corporate veil".
The petition does not make clear whether defendants were sued individually or as a partnership. An inference that a partnership was sued arises from the "d/b/a" designation after the names of the two defendants and from the petition's failure to assert defendants' liability as solidary. On the other hand, as stated above, it clearly alleges defendants are doing business under the corporate name and it further alleges that Lloyd O. Martiny, Jr. executed a personal guarantee of that corporation "as Vice-President of said company ...."
The record on appeal does not contain a transcript of testimony or narrative of facts and we are satisfied no testimony was offered at the confirmation hearing. Other than the pleadings, an invoice and what appears to be a copy of the alleged guarantee, *865 the only evidence offered at that hearing was an affidavit by plaintiff's attorney stating he was familiar with the account sued on and that the amount shown thereon was justly due and owing in full. We note the affidavit does not mention the guarantee.
We also note the entity for which appellant allegedly signed a personal guarantee is designated in that guarantee as "F. A. Martiny and Co. and Son" of which the instrument asserts Martiny, Jr. is vice president. No mention is made in the guarantee of an entity known as F. A. Martiny & Son, Inc.
The only three possible defendants are Lloyd O. Martiny, Sr., Lloyd O. Martiny, Jr., and F. A. Martiny & Son, Inc. Clearly, the corporate entity cannot be cast in judgment because it was neither named as a defendant nor served with citation or petition. Moreover, the record does not sustain a judgment against appellant as a member of a partnership, since the only proof of the debt sued on is the affidavit and the invoice billing only F. A. Martiny & Son, Inc. in the sum of $25,321.59. No mention of a partnership is made in either the invoice[1] or in the affidavit of correctness of account executed by plaintiff's attorney.
Assuming the petition states a cause of action against Lloyd O. Martiny, Jr., it is clear the only basis for such liability is the personal guarantee allegedly executed by him. However, the law is clear that a default judgment may not be taken on a non-negotiable instrument without due proof being made regarding the defendant's signature. Article 1702 of the Code of Civil Procedure provides:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required." LSA-C.C.P. Art. 1702.
This article explicitly provides a plaintiff must make a prima facie case to obtain a default judgment. The jurisprudence has added that evidence offered in support of a judgment by default must prove the essential allegations of the petition to the same extent required if those allegations had been specifically denied.[2]
In the present case defendant's liability cannot be based on his alleged personal guarantee. The above quoted Article 1702 provides an affidavit asserting the liability of a defendant on an open account or on a negotiable instrument is prima facie proof and dispenses with proof of signatures on such notes and other negotiable instruments. Proof in support of a default judgment by such means is thus restricted to open accounts and negotiable instruments. However, a personal guarantee is a contract similar to that of suretyship;[3] it is neither a negotiable instrument nor an open account; and the signature thereon must be proved. Since Article 1702 restricts prima facie proof by affidavit to the limited instances mentioned therein, a defendant's liability on other type contracts cannot be made by affidavit under this article.[4] As the plaintiff in this case has failed to prove appellant's signature on the personal guarantee, it has failed to make out a prima facie case against him and the judgment appealed from cannot stand.
*866 For the reasons assigned, the judgment appealed from is annulled and set aside and the matter is remanded to the trial court for further proceedings in accordance with law. All costs to await a final disposition.
ANNULLED, SET ASIDE AND REMANDED.
BEER, J., dissents with written reasons.
BEER, Judge, dissenting.
In the "Petition on Open Account" of Premier Brands, Inc., it is alleged that Lloyd O. Martiny, Jr. (d/b/a F. A. Martiny & Son, Inc.) is of lawful age, domiciled in the Parish of Orleans and indebted to petitioner (Premier Brands, Inc.) in the full sum of $25,321.59. Service was made on Lloyd O. Martiny, Jr. by the Civil Sheriff for the Parish of Orleans, and there was an appearance in the proceedings by Lloyd O. Martiny, Jr., through his attorney, Ira J. Middleberg, seeking an extension of time within which to file responsive pleadings.
Appellee's brief makes reference to the petition, pointing out that it alleges that Lloyd O. Martiny, Jr. received goods and services from Premier on open account and, additionally, executed a personal guarantee.
In my view, we should be bound by the presumption of regularity noted in Succession of Rock v. Allstate Life Insurance Company, 340 So.2d 1325 (La.1976). Accordingly, I respectfully dissent.
NOTES
[1] See Holbrook v. Palermo, La.App., 352 So.2d 419.
[2] Wagenvoord Broadcasting Co. v. Blanchard, La.App., 255 So.2d 635.
[3] See Bonura v. Christiana Bros. Poultry Co. of Gretna, La.App., 336 So.2d 881.
[4] Bonfouca Inv. Corp. v. Eubanks, La.App., 347 So.2d 1277; Evangeline Employment Service v. Decuire, La.App., 340 So.2d 1113.