BOUTALL, Judge.
This appeal concerns whether a plaintiff properly substantiated a damages award made pursuant to a default judgment. The plaintiffs Richard and Ann Lindholm, obtained a default judgment in the amount of $3,676.00 against the defendant, Louis Johnson. Johnson appeals claiming that plaintiffs did not sufficiently prove their damages.
The facts are that on August 4, 1979, the Lindholms sold a 1974 Oldsmobile to Johnson for $1,940.00, receiving a check in payment. The Lindholms attempted to cash the check but it was returned NSF. They allege that they made several demands for the money, but Johnson refused to cooperate. As a result, they impounded the vehicle at St. Charles Transit Systems, Inc., at a cost of $342.00. The Lindholms stated that between the selling date and the impoundment date, the vehicle’s value deteriorated to a point of being almost worthless.
On July 29, 1980, a petition for damages for the amount of $10,000.00 was filed. A preliminary default was entered on August 14 and confirmed on August 19, 1980, awarding plaintiffs $3,676.00.
The issue on appeal is whether the judgment is supported by sufficient proof. The petition states that the price, costs, and other damages are to be proven at trial. The testimony simply says that the plaintiff agrees with the allegations of the petition as being correct and claims $3,676.00 as damages. This is not sufficient proof to justify such an award.
Article 1702 of the Louisiana Code of Civil Procedure sets out the basic requirements for confirming a default. It provides in part: “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” This has been interpreted to mean that plaintiff must prove the essential allegations of his petition as if they had been specifically denied in order to confirm a default judgment.[1] Plaintiffs did not carry their burden of proof. Their testimony did not substantiate or even itemize the damages concerning the vehicle and the check.
Accordingly, the judgment appealed from is set aside and is remanded back to the lower court in order to substantiate the damages incurred by the plaintiffs, or any other proceedings that may be appropriate. Costs to await the final disposition of the case.
SET ASIDE AND REMANDED.

. Carboline Company v. Hymel, 335 So.2d 45 (La.App. 4th Cir. 1976); Holland v. Aetna Life & Casualty Insurance Company, 385 So.2d 316 (La.App. 1st Cir. 1980); Calvert Fire Insurance Company v. Felton, 244 So.2d 311 (La.App. 4th Cir. 1971).