CHEHARDY, Judge.
Defendants, Robert Bros. Homes, Inc., and Robert J. Neider, appeal a parish court judgment rendered by default in favor of plaintiff, Lafitte Sash & Door Co., Inc. (Lafitte), and against the defendants in the sum of $2,283.59 with interest thereon at the rate of l‘/¿% per month from date of judicial demand until paid, plus 25% of all said sums as attorney fees, and for all costs of the proceedings.
Defendants argue on appeal that the record is void of any competent evidence to sustain the parish court’s judgment; that the trial court erred in granting a default judgment based on the affidavit of the plaintiff’s attorney, rather than an officer or employee of the corporation; that there was no itemized account, as required by law; and that no proof of signature was offered on the alleged personal guaranty and agreement to pay interest and attorney fees.
The transcript in the present case reveals that in this suit on an open account, with a personal guaranty, at the time of the hearing, attorney for the plaintiff introduced the “entire record” into evidence. The record, in addition to the petition and the affidavit of the plaintiff’s attorney, also included the affidavit of Peter P. Weg-mann, Jr., president of Lafitte, stating that he is familiar with the books and business of that company and that the attached account was just and correct within the knowledge of affiant, that the items thereon were sold to the defendant at its request and that credit has been given duly for all payments and just and lawful offsets to which said account is entitled. The record also contains a copy of the accounts receivable ledger in the name of “Robert Brothers *1122 Homes, Inc.,” and invoices evidencing sales to that defendant.
Additionally, in the record is also an agreement signed by defendant Robert Neider obligating him to a delinquency charge of llh% monthly interest, attorney ■fees (in the event of the necessity of collection), and court costs and giving his personal guarantee to indebtedness.
LSA-C.C.P. art. 1702 states:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
“When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.”
LSA-C.C.P. art. 4916 also provides:
“A. If the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary. “B. The plaintiff may obtain a final judgment only by producing relevant and competent evidence which establishes a prima facie case. When the suit is for a sum due on an open account, promissory note, negotiable instrument or other conventional obligation, prima facie proof may be submitted by affidavit. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.”
The applicable law in regard to a judgment of this type was analyzed in Premier Brands, Inc. v. Martiny, 377 So.2d 864 (La.App. 4th Cir. 1979), wherein the only evidence offered at the hearing was an affidavit by plaintiff’s attorney (stating he was familiar with the account sued on and that the amount shown thereon was justly due and owing in full), the pleadings, an invoice and a copy of the personal guarantee. The court stated therein at 865:
“Assuming the petition states a cause of action against Lloyd 0. Martiny, Jr., it is clear the only basis for such liability is the personal guarantee allegedly executed by him. However, the law is clear that a default judgment may not be taken on a non-negotiable instrument without due proof being made regarding the defendant’s signature. Article 1702 of the Code of Civil Procedure provides:
‘A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.’ LSA-C.C.P. Art. 1702.
“This article explicitly provides a plaintiff must make a prima facie case to obtain a default judgment. The jurisprudence has added that evidence offered in support of a judgment by default must prove the essential allegations of the petition to the same extent required if those allegations had been specifically denied.
“In the present case defendant’s liability cannot be based on his alleged personal guarantee. The above quoted Article 1702 provides an affidavit asserting the liability of a defendant on an open account or on a negotiable instrument is prima facie proof and dispenses with proof of signatures on such notes and other negotiable instruments. Proof in support of a default judgment by such means is thus restricted to open accounts and negotiable instruments. However, a personal guarantee is a contract similar to that of suretyship; it is neither a nego *1123 tiable instrument nor an open account; and the signature thereon must be proved. Since Article 1702 restricts pri-ma facie proof by affidavit to the limited instances mentioned therein, a defendant’s liability on other type contracts cannot be made by affidavit under this article. As the plaintiff in this case has failed to prove appellant’s signature on the personal guarantee, it has failed to make out a prima facie case against him and the judgment appealed from cannot stand.”
In the present case this court can find no error in the parish court’s granting of a default judgment against the defendant corporation based on the affidavit of the president of the plaintiff corporation along with substantiating ledger sheets and invoices. LSA-C.C.P. arts. 1702 and 4916.
Neither can we find merit in defendants’ argument, citing Rainey v. Riley, 388 So.2d 110 (La.App. 1st Cir. 1980), that the records of the plaintiff company evidencing the indebtedness of the defendant Robert Bros. Homes, Inc., should be considered hearsay and, therefore, were not admissible. These records were, in fact, competently identified by the affidavit of Wegmann and introduced into the evidence along with that affidavit at the time of the hearing when the attorney for the plaintiff offered the entire record.
However, we must hold the trial court did err in granting judgment against the defendant Neider personally and in granting the plaintiff interest and attorney fees, due to the fact that the signature of that defendant on the personal guarantee, which is neither a negotiable instrument nor an open account, was not proven. LSA-C.C.P. arts. 1702 and 4916; Premier Brands, Inc. v. Martiny, supra.
For the reasons assigned, therefore, that part of the parish court judgment rendered against defendant Robert Neider personally is vacated; additionally, that part of the judgment ordering the defendants to pay interest at the rate of IV2% per month from the date of judicial demand plus 25% of the sums for which they were cast as attorney fees is also vacated. That part of the parish court judgment in favor of the plaintiff and against the defendant Robert Bros. Homes, Inc., in the sum of $2,283.59 is affirmed, with interest from date of judicial demand until paid, and this defendant is to pay all costs of these proceedings.
VACATED IN PART AND AFFIRMED IN PART.