463 So.2d 694 (1985)
DePAUL HOSPITAL
v.
Donald and Sandra CELESTIN.
No. CA-2182.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
Rehearing Denied February 26, 1985.
*695 Wayne M. Richardson-Harp, Osborne, McComiskey & Richardson-Harp, New Orleans, for plaintiff-appellee DePaul Hosp.
William G. Cherbonnier, Jr., Cherbonnier & Montero, P.L.C., Gretna, for defendants-appellant Donald and Sandra Celestin.
Before KLEES, CIACCIO and WARD, JJ.
KLEES, Judge.
This is an appeal of a default judgment rendered in favor of DePaul Hospital and against Donald Celestin in the amount of $9,347.00 plus interest, costs, and attorney's fees for medical services rendered on behalf of his minor son, Barry Celestin. We affirm.
In May, 1980, Barry Celestin, the 15 year old son of Donald and Sandra Celestin, was admitted to DePaul Hospital for treatment of serious emotional problems. Although Barry's parents were divorced on April 2, 1980, DePaul Hospital required both parents to sign an "Assignment of Benefits and Financial Guarantee" on May 14, 1980 in order to treat Barry.
Due to the fact that treatment for Barry's problems was longer than expected, all of the Celestin's insurance benefits were used to pay DePaul Hospital and the child's treating physicians. In an attempt to pay the hospital's bill, Mrs. Celestin, who had custody of Barry, went to Juvenile Court and apparently had custody of her son transferred to the State of Louisiana. The only evidence introduced of such a transfer was a hand-written notation on a statement of account and a typewritten notation on a second statement of account presented in evidence in the lower court.
Eight months after admittance to DePaul, Barry was released. At that time, there was an outstanding balance due on his account of $9,347.00. A written demand letter was forwarded by certified mail to Donald and Sandra Celestin but was returned as undeliverable. Suit was filed to obtain payment of the amount due on the outstanding account and attorney's fees pursuant to LSA-R.S. 9:2781.
Donald Celestin was duly served with a citation and copy of the petition. When he failed to answer or otherwise plead in the case, a preliminary default judgment was entered by the trial court with a proper confirmation of the default judgment against Donald Celestin alone. Thereafter, service of the default judgment was properly effected upon Donald Celestin and he appeals that default judgment.
The issues presented in this appeal are whether there was an open account between Donald Celestin and DePaul Hospital, whether DePaul Hospital met its burden of proof at the time the default judgment was rendered and whether DePaul Hospital complied strictly with the provisions of LSA-R.S. 9:2781 to allow the award of attorneys fees.
As to the existence of an open account between DePaul Hospital and Donald Celestin, Barry was treated by DePaul for approximately seven or eight months. Donald and Sandra Celestin both signed the financial guarantee. Periodic payments were made on his account for treatment. Upon discharge, there was an unpaid balance. A statement of current or running dealings for medical services is on an open account basis. Monlezun v. Fontenot, 379 So.2d 43 (La.App. 3rd Cir.1979). Therefore, an open account existed for medical services rendered to Barry.
By act of law, parents are responsible for the care of their children. LSA-C.C. Art. 227. Inherent in the law is the obligation to care for the child and to seek *696 medical assistance when necessary. Therefore, the legal obligation of parents to support their children encompasses the furnishing by parents of medical treatment to their minor children. Gaspard v. Breaux, 413 So.2d 288 (La.App. 3rd Cir.1982). In this particular case, both of the parents of Barry Celestin sought the help of DePaul Hospital to treat their son and guaranteed the payment of the hospital charges as evidenced by their signature on the "Assignment of Benefits and Financial Guarantee".
Donald Celestin is responsible for the support of his children and cannot relieve himself of this obligation by separation or divorce. The father has an unlimited obligation to support his children under LSA-C.C. Art. 158 and Art. 227. At the time that Barry was admitted to the hospital, Donald Celestin signed an agreement whereby he acknowledged his responsibility to pay for the treatment rendered to Barry. It makes no difference that Barry was in the custody of his mother or the State of Louisiana because the obligation of the parents to support, maintain and educate their children terminates only when the children reach majority. Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir. 1983). Both Donald and Sandra Celestin are responsible for the payment of medical services for treatment as part of their obligation to support and maintain their child, Barry.
Donald Celestin's second contention is that the hospital failed to meet its burden of proof in order to obtain a default judgment. To obtain a default judgment on an open account, an affidavit of the correctness of the account shall be prima facie proof of the case. LSA-C.C.P. Art. 1702(B).
When a default judgment is rendered, there is a presumption that the judgment was rendered upon sufficient evidence. Ascension Builders, Inc. v. Jumonville, 263 So.2d 875 (La.1972). In order to obtain a reversal of a default judgment or to obtain a remand, the defendant must overcome that presumption.
A review of the record reveals the following facts. On May 17, 1983, a written demand letter enclosing copies of the itemized statement was mailed to Donald Celestin by certified mail. The letter was returned to the sender marked undeliverable and there are several notations on the envelope of dates of attempted delivery. Suit on open account was filed on August 22, 1983. Service of the citation and petition was effected on Donald Celestin on August 25, 1983.
From that point on, Donald Celestin had notice of suit and had fifteen days from that date within which to answer the suit. As he did not answer or otherwise plead within the proper time, a preliminary default was entered on September 29, 1983, and a confirmation of the default was obtained on October 6, 1983. Donald Celestin was served with a copy of the default judgment on November 21, 1983.
In reviewing a default judgment, we are restricted to the determination of the sufficiency of the evidence offered in support of the judgment. Eddie's Hardware, Inc. v. Rago, 320 So.2d 276 (La.App. 4th Cir.1975).
DePaul Hospital's petition alleged that it provided health care services to Donald and Sandra Celestin as per the statement of account which was attached to the petition. Also attached was an Assignment of Benefits and Financial Guarantee, a written demand letter with an itemized statement of account, and a certified mail envelope properly addressed marked undeliverable with notations of attempted delivery.
As evidence in support of its claim, DePaul Hospital filed an affidavit of correctness of account which stated that the affiant was familiar and well acquainted with the account of Donald and Susan Celestin, defendants in the above captioned cause; that plaintiff rendered professional medical services to defendants on open account; that the true and correct amount owed to plaintiff on account by the above-named defendants is $9,347.00 plus interest and *697 attorney's fees as prayed for, and costs of this proceeding.
We find that DePaul Hospital's proof in this case supports the judgment rendered against Donald Celestin.
With regard to Donald Celestin's third contention, the provisions of LSA-R.S. 9:2781 must be strictly complied with before an award of attorney's fees. LSA-R.S. 9:2781(B) requires that:
B. If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of written demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, reasons why delivery could not be accomplished, along with the initials of the person attempting delivery and making said notation.
Upon our review of the record we find that the provisions of LSA-R.S. 9:2781(B) were strictly complied with and therefore affirm the award of attorney's fees.
Accordingly, the default judgment rendered by the trial court in favor of DePaul Hospital and against Donald Celestin is affirmed. All costs in this appeal are to be paid by defendant-appellant.
AFFIRMED.