GRISBAUM, Judge.
This suspensive appeal relates to a default judgment. The defendant, Giant TC, Inc. (formerly Giant Electronics, Inc.), is the successor in interest to a lessee from the plaintiff, W & W Clarklift, Inc. (W & W). We set aside and remand.
ISSUE
The threshold question is whether the affidavit of record, along with the remaining documentation, constitutes competent evidence for proving a default judgment. FACTS
The plaintiff filed suit in the Twenty-Fourth Judicial District Court on July 11, 1986 against Trygve M. Svendsen d/b/a Sound Trek Audio and Giant Electronics, Inc., alleging that it leased a forklift truck to Svendsen d/b/a Sound Trek Audio who subsequently failed to make certain rental payments on the equipment. Plaintiff further alleges that at some point in November or December 1985, Svendsen sold his business to Giant Electronics, Inc. by a “bulk sales” act. By letter of December 19, 1985, Svendsen tendered payment of a portion of the November 1985 rent stating that future rent would be paid by Giant. Additionally, plaintiff claims that the documentation effecting the transfer of Sound *1326 Trek from Svendsen to Giant contains a clause whereby Svendsen’s rights under the lease are transferred from Svendsen to Giant and Giant assumes Svendsen’s obligations under the lease. Finally, plaintiff made demand for payment on both Svend-sen and Giant by certified letter dated May 6, 1986, to no avail.
The record shows that, after many preliminary motions, on January 20, 1988 a preliminary default was entered against Giant. And, on March 3, 1988, the default was confirmed.
LAW
Our statutory scheme for default judgments is outlined in La.C.C.P. arts. 1702 and 1702.1. La.C.C.P. art. 1702, in pertinent part, presently states:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
[[Image here]]
(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. In those proceedings in which the sum due is on an open account or a promissory note, other negotiable instrument, or other conventional obligation, or a deficiency judgment derived therefrom, including those proceedings in which one or more mortgages, pledges, or other security for said open account, promissory note, negotiable instrument, conventional obligation, or deficiency judgment derived therefrom is sought to be enforced, maintained, or recognized, a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
Our jurisprudence states that the judgment of default can be confirmed only by proof of the demand sufficient to establish a prima facie case. Holliday v. Water Works of Louisiana, Inc., 425 So.2d 949, 950 (La.App. 5th Cir.1983); La.C.C.P. art. 1702. The essential elements of a pri-ma facie claim upon which a judgment of default may be confirmed must be proved by competent evidence as fully as if each of the allegations had been specifically denied by the defendant. See Holliday, supra; C & V Gravel, Inc. v. Maco Constr. Corp., 465 So.2d 938, 943 (La.App. 2d Cir.1985), citing Brown v. Tinsley, 433 So.2d 305, 306 (La.App. 1st Cir.1983); Howery v. Linton, 452 So.2d 295 (La.App. 2d Cir.1984), citing Jones v. Ledet, 383 So.2d 1308, 1314 (La. App. 3d Cir.1980); and Smith v. Doyle, 160 So.2d 791, 792-93 (La.App. 3d Cir.1964).
ANALYSIS
In addition to the petition, the following documents were submitted at the confirmation hearing:
(1) a partial copy of the lease between plaintiff and Svendsen and copies of documentation describing the forklift,
*1327 (2) an affidavit by F. Gordon Keff, vice-president of the plaintiff,
(3) schedules of sums due,
(4) a demand letter by the attorney for the plaintiff, and
(5) a copy of a merger between Giant Electronics, Inc. and Campo Appliance Co., Inc.
The affidavit, referred to in No. (2) above and notarized and dated February 23,1988, states:
BEFORE ME, the undersigned Notary Public, personally came and appeared:
F. GORDON KEFF,
who did depose and say that he is the Vice[-]President of W & W Clarklift, Inc., the Plaintiff in the above-captioned matter, and as such is well acquainted with the facts and circumstances involved in this lawsuit.
As alleged in the petition previously filed herein, on October 29,1982, W & W Clarklift, Inc. (“W & W”) and Trygve M. Svendsen, d/b/a Sound Trek Audio (“Svendsen”) entered into a lease agreement captioned “Modernization Lease Plan”, [sic] Agreement Transaction No. NOR-583, (“Lease”) whereby Svendsen was to lease a forklift truck from W & W for five (5) years, commencing on February 11, 1983, at a monthly rental of $483.50 per month, plus eight (8%) percent tax, for a total monthly payment of $522.27. W & W was later informed by Svendsen’s attorney that Svendsen sold his business known as Sound Trek Audio (“Sound Trek”) to Giant Electronics, Inc. (“Giant”), which sale was to have an effective date of November 18, 1985.
As of this date neither Svendsen nor Giant has made any of the lease payments which were due from November of 1985 (partial payment) through the current date. Giant has been in possession of and had the use of the forklift truck as a result of the acquisition of Souund [sic] Trek until said truck was picked up by a representative of W & W Clarklift on December 15, 1987. The unpaid rent due under the Lease from November 19, 1985 through the term of its expiration, February 11, 1988, was $14,-345.01. This is subject to a 60% credit under Section 13.2 of the Lease for the portion of the rent allocated to the period from December 15, 1987 through February 11, 1988 due to the return of the forlkift [sic] truck, in the amount of $626.72. Therefore, the total amount of rent payments due to W & W under the Lease is $13,718.29, plus legal interest from the date of each past-due rent payment, or the date of judicial demand, whichever is earlier, until paid, which as of this date totals $2,797.46, as set forth in the attached Schedule “A”. [sic] W & W is also entitled to all court costs, as well as reasonable attorneys’ fees as set forth in Section 13.2 of the Lease.
(Signed) F. Gordon Keff F. GORDON KEFF, Vice[-]President, W & W Clarklift, Inc.
From the factual scenario presented, part of the plaintiffs case, naturally, must be to prove some nexus between the claim made and the particular defendant sought to be held. Eddie’s Hardware, Inc. v. Rago, 320 So.2d 276, 277 (La.App. 4th Cir.1975); Wagenvoord Broadcasting Co., Inc. v. Blanchard, 255 So.2d 635, 636 (La.App. 4th Cir.1971). Such a nexus is not prima facie demonstrated where a representative of the plaintiff testifies that he thinks a defendant is a principal of another entity, Wagenvoord, supra. Beyond the proof of this nexus, moreover, a plaintiff must make out a prima facie case for default by competent evidence. As pointed out in Roll-Lite Overhead Doors v. Clover Contractors, Inc., 527 So.2d 500, 503 (La.App. 5th Cir.1988), “Although the Code of Civil Procedure at times permits affidavits in lieu of testimony, this leniency forms no exception to the rule that, ‘To establish his prima facie case, the plaintiff must use only competent evidence.’ Holbrook v. Palermo, 352 So.2d 419, 421 (La.App. 3d Cir.1977).” Documentary hearsay evidence, introduced without proper foundation, cannot alone establish a prima facie case for confirming default. Courville v. S. Casualty Ins. Co., 304 So.2d 93 (La.App. 3d Cir.1974).
*1328 Here, the plaintiff’s case against Giant is dependent upon two documents: (1) an attachment to an exception that purports to be the contract of bulk sale of Sound Trek from Svendsen to Giant and (2) the affidavit of F. Gordon Keff stating that the plaintiff was “informed” of the sale by Svendsen’s attorney. The latter is incompetent under the rationale of Wagenvoord, supra, and also because an affidavit must recite one’s personal knowledge.[1] The former is incompetent because, as in Roll-Lite, no identifying avowal is present; the pages are merely slipped into the record. Such an approach simply will not do.
For the reasons assigned, the judgment of the trial court is set aside, and the matter is remanded for further proceedings consistent with the views expressed herein. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.

. See, by analogy, La.C.C.P. art. 967 on summary judgment procedure.