KNOLL, Judge.
This appeal concerns a judgment by default. The trial court rendered a default judgment in favor of Ready Portion Meat Company (hereafter Ready Portion) and against Michael’s, A Catering Experience (hereafter Michael’s Catering) and Edward S.Glover (hereafter Glover) in the sum of $6,462.57, together with legal interest and 25% attorney’s fees. Glover brings this appeal, contending that Ready Portion failed to submit proof of the demand sufficient to establish a prima facie case, as required by LSA-C.C.P. Art. 1702. We affirm.
Michael’s Catering did not appeal. The record shows that Glover is the President of Michael’s Catering and personally guaranteed all purchases from Ready Portion.
FACTS
The record shows that from January 8, 1986, through August 18,1986, Ready Portion sold on open account to Glover various meats and seafoods for a total of $6,462.57. On December 9, 1986, Ready Portion’s attorney forwarded Glover a demand letter by certified mail, return receipt requested. A letter was also forwarded to Mr. Michael Doumit/Michael’s Catering. The letters did not evoke payment. On January 27, 1987, suit was filed against Michael’s, A Catering Experience and Edward S. Glover, Jr. Michael’s Catering received service through its agent and Glover received personal service on January 30, 1987. No answer was filed by any of the defendants. On July 20, 1987, the trial court entered a preliminary default against all defendants. On July 30 the preliminary default was confirmed by proper evidence, to include: an affidavit of the correctness of the account; the personal guarantee of Glover; an itemization of the account; a certificate from the Clerk of Court’s office showing service of process and dates of service; a three page notarized certification by Ready Portion’s attorney; the certified letter with the return receipt; and, the entry of the preliminary default.
DEFAULT JUDGMENT
In reviewing a default judgment, the appellate court is restricted to the determination of the sufficiency of the evidence offered in support of the judgment. DePaul Hosp. v. Celestin, 463 So.2d 694 (La.App. 4th Cir.1985).
Glover is attempting to defeat the default judgment on a technicality of the name of the business that Ready Portion used on its credit application, wherein the *209 personal guarantee appears by Glover, and on its statements to Michael’s Catering. The registered corporate name of Michael’s Catering is “Michael’s, A Catering Experience”. Ready Portion generally transacted business with it as Michael’s Catering. In the credit application the trade name of the business was “Michael”. In Ready Portion’s suit, it sued “Michael’s, A Catering Experience” and Edward S. Glover, Jr. As we appreciate Glover’s argument, he contends that since Ready Portion’s credit application refers to “Michael” and the statements refer to “Michael’s Catering”, and the petition named “Michael’s, A Catering Experience”, Ready Portion failed to establish that Glover was responsible for purchases made by “Michael’s, A Catering Experience”. We are not swayed by this argument. Absent fraud or deceit, there is no prohibition against a corporation from contracting or doing business under a trade name other than its registered corporate name. MAS Nursing, Inc. v. Burke, 523 So.2d 909 (La.App. 3rd Cir.1988), writ denied, 530 So.2d 570 (La.1988). It necessarily follows that a corporation, conducting business under a trade name, e.g., Michael’s Catering, can be sued under its registered name for debts incurred under its trade name. Id. Glover’s reliance upon Carboline Company v. Hymel, 335 So.2d 45 (La.App. 4th Cir.1976), is misplaced. In that case, Hymel was sued individually for a corporate debt of Jay-Ray Sandblasters and Painters, Inc. Hymel did not execute a personal guarantee as Glover did in the present case.
We have carefully reviewed the record and find that Ready Portion confirmed the judgment of default by clear proof sufficient to establish a prima facie case.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Michael’s Catering.
AFFIRMED.