PLOTKIN, Judge,
dissenting with reasons:
I respectfully dissent from the majority opinion in this case because under the law the plaintiff has produced evidence sufficient to establish a prima facie case to confirm a default judgment. LSA-C.C.P. art 1702(B)(3). In order to meet its burden of proof on this issue, the plaintiff must present two things: (1) the account itself and (2) an affidavit or testimony of a competent witness verifying the correctness of the account. American Dist. Tel. Co. v. Rault, 378 So.2d 194 (La.App. 4th Cir.1979). The presence in the record of the invoices attached to the petition meets the first requirement of the plaintiffs burden of proof. DePaul Hospital v. Celestin, 463 So.2d 694 (La.App. 4th Cir.1985).
I also disagree with the majority’s conclusion that the affidavit was insufficient to verify the correctness of the account. The affidavit swears that the invoices correctly state the true amount owing. The connexity between the invoices and the affidavit is established by the fact that the invoices are present in the record and the affidavit declares their veracity. The present case can be distinguished from Roll-Lite Overhead Doors v. Clover Contractors, Inc., 527 So.2d 500 (La.App. 5th Cir.), writ denied, 532 So.2d 115 (La.1988), in which invoices were attached to the petition, but not referred to in the affidavit. In this case the affidavit refers to the invoices.
Accordingly, I vote to affirm the trial court,