| SARASOTA, CCM, INC. | * | NO. 2023-CA-0658 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| SUPREME QUALITY | * | |
| TRANSPORT, LLC AND | | FOURTH CIRCUIT |
| JACQUE DENET | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-04313, DIVISION "F-14"
Honorable Jennifer M Medley,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge
Nakisha Ervin-Knott,)

Richard L. Crawford
NEWMAN MATHIS BRADY & SPEDALE
3301 North Boulevard
Baton Rouge, LA 70806-3745

    COUNSEL FOR PLAINTIFF/APPELLEE, SARASOTA CCM, INC.

Belhia V. Martin
ATTORNEY AT LAW
1340 Poydras Street, Suite 1770
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLANT, SUPREME QUALITY
TRANSPORT, LLC AND JACQUE DENET

**VACATED IN PART; AFFIRMED IN PART**
**MARCH 6, 2024**

This appeal arises from the confirmation of a default judgment against defendants, Supreme Quality Transport, LLC ("Supreme") and the sole proprietor, Jacque Denet (collectively "Defendants"), for $16,593.17. Defendants appeal, contending the proper procedural safeguards were not followed and that insufficient evidence was presented to confirm the default judgment.

On review, we find Sarasota complied with the procedural and substantive requirements of La. C.C.P. art. 1702.1 as it relates to Supreme. Sarasota was not required to send Defendants a demand letter. However, Sarasota presented insufficient evidence to establish a prima facie case against Mr. Denet personally. As such, we find the trial court committed manifest error by granting the default judgment against Mr. Denet. The portion of the trial court judgment confirming a default judgment against Mr. Denet is vacated. The remainder of the trial court judgment is affirmed.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Sarasota, CCM, Inc. ("Sarasota") filed a Petition on Lease Agreement and Personal Guarantee asserting that it was the assignee of a lease finance agreement that was in default for $16,596.17. The lease finance agreement was confected with

1

Supreme, but Mr. Denet personally guaranteed the debt. Sarasota attached the relevant documents: the lease finance agreement, the guarantee, the assignment of the debt to Sarasota, and Supreme's account/payment information. Sarasota also filed request for admissions with six proposed admissions.

Sarasota subsequently filed a Motion for Confirmation of Default and attached an affidavit of the President of Sarasota as well as the finance agreement, the guarantee, assignment, and Supreme's account information.

The trial court granted confirmation of the default judgment and ordered Defendants to pay "$16,593.17, together with interest at the rate of 18% from date of default until paid in full, together with reasonable attorney's fees equal to 25.00% of the principal and interest due and for all costs of these proceedings."

Mr. Denet filed a Motion for Extension of Time to File Responsive Pleadings after the trial court ruled, but allegedly prior to receiving notice of the judgment. The trial court denied the motion, as the judgment was previously rendered. Defendants filed a Notice of Appeal seeking a suspensive appeal. The trial court granted the appeal and ordered that Mr. Denet post $24,800.00 as security. The record does not contain any documentation that security was posted or an appeal bond was secured. Therefore, the suspensive appeal is converted to a devolutive appeal. *See Franco v. Franco*, 04-0967, p. 14 (La. App. 4 Cir. 7/28/04), 881 So. 2d 131, 139.

Defendants appeal contending that the trial court erred by: 1) denying Mr. Denet's Motion for Extension of Time to File Responsive Pleadings; 2) granting Sarasota's Motion for Confirmation of Default; and 3) failing to follow procedure to include a certification/recordation in the record of when the judgment was mailed to Defendants.

The judgment rendered in favor of Sarasota reads as follows:

> IT IS ORDERED, ADJUDGED AND DECREED, that judgment be confirmed and made final and that judgment be rendered herein in favor of plaintiff, SARASOTA CCM, INC, and against defendants, Jacque Denet . . . and Supreme Quality Transport, LLC, in the full sum of $16,593.17, together with interest at the rate of 18% **from date of default** until paid in full, together with reasonable attorney's fees equal to 25.00% of the principal and interest due and for all costs of these proceedings. (Emphasis added).

We found the phrase insufficient to constitute a valid final judgment "[b]ecause the date was unspecified, the precise amount awarded could not be determined from the face of the judgment." *Joffrion v. Spears-Heggelund*, 22-0646, p. 3 (La. App. 1 Cir. 12/22/22), 358 So. 3d 100, 102. Therefore, we remanded the matter to the trial court on February 1, 2024, for the limited purpose of issuing an amended judgment with the proper decretal language.[1]

In response to our order, the trial court submitted an amended judgment containing a specified date curing the jurisdictional defect. Accordingly, we proceed with review of the substantive appeal.

## STANDARD OF REVIEW

"An appellate court is 'restricted to determining the sufficiency of the evidence offered in support of the judgment' when reviewing default judgments." *Walker v. Brown*, 23-0261, p. 3 (La. App. 4 Cir. 9/22/23), 372 So. 3d 845, 847 (quoting *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 5 (La. 5/5/09), 9 So.

---

[1] Act 259 of the 2021 Regular Legislative Session amended La. C.C.P. art. 2088(A) to provide that the trial court retains jurisdiction to "[a]mend a judgment to provide proper decretal language under Article 1918 or 1951." La. C.C.P. art. 2088(A)(12). *See Ohle v. Uhalt*, 23-0501 (La. App. 4 Cir. 1/10/24), ___ So. 3d. ___, ___, 2024 WL 108873.

3d 815, 818 (citation omitted)). "'This determination is a factual one governed by the manifest error standard of review.'" *Payphone Connection Plus, Inc. v. Wagners Chef, LLC*, 19-0181, p. 7 (La. App. 4 Cir. 7/31/19), 276 So. 3d 589, 594 (quoting *Parker v. Schneider*, 14-0232, p. 3 (La. App. 4 Cir. 10/1/14), 151 So. 3d 679, 681). "Thus, we review this matter to determine whether the trial court's 'finding of fact . . . is clearly wrong in light of the record reviewed in its entirety.'" *Payphone*, 19-0181, p. 7, 276 So. 3d at 594 (quoting *Hamilton v. Burns*, 16-0107, p. 4 (La. App. 4 Cir. 9/28/16), 202 So. 3d 1177, 1180).

### *DEFAULT JUDGMENT*

Defendants allege three assignments of error. However, the crux of our review is whether the trial court's grant of the default judgment was erroneous. As such, we begin our examination with the validity of the default judgment.

"A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request." La. C.C.P. art. 1001(A). Nonetheless, "the defendant may file his answer or other pleading at any time prior to the signing of a default judgment against him." La. C.C.P. art. 1002.

La. C.C.P. art. 1702(A)(1) provided at the time[2]:

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if

---

[2] This version of La. C.C.P. art. 1702 was effective January 1, 2022 through July 31, 2023.

required by this Paragraph, unless such notice is waived. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence.

The statute requires that notice be sent to the defendant if 1) the defendant has "made an appearance of record in the case"; 2) the defendant's attorney "has contacted the plaintiff or the plaintiff's attorney in writing concerning the action after it has been filed"; or 3) "[i]n cases involving delictual actions where neither" the first nor second option applies. La. C.C.P. art. 1702(A)(2) and (3).

"When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required." La. C.C.P. art. 1702(B)(3).

When a plaintiff seeks a default judgment without a hearing, the plaintiff is required to:

file a written request for default judgment containing a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached, along with any proof required by law and a proposed default judgment.

La. C.C.P. art. 1702.1(A). The certification requires: 1) "the type of service made on the defendant and the date of service"; 2) "a certification by the clerk that the record was examined by the clerk, including therein the date of the examination"; and 3) "a statement that no answer or other pleading has been filed within the time prescribed by law or by the court." La. C.C.P. art. 1702.1(B).

5

"A default judgment shall not be different in kind from that demanded in the petition." La. C.C.P. art. 1703. Further, "[t]he amount of damages awarded shall be the amount proven to be properly due as a remedy." *Id*.

### *Demand Letter*

Defendants contend that Sarasota was required to certify that a demand letter was sent. Thus, Defendants maintain Sarasota did not comply with La. C.C.P. art. 1702(A) and La. R.S. 9:2781. As discussed above, La. C.C.P. art. 1702(A) only requires that notice be sent when the defendant has made an appearance, the defendant contacted the plaintiff or plaintiff's counsel in writing, or in delictual actions where the first two did not apply. In the present matter, Defendants do not aver that an appearance was made or that Defendants contacted Sarasota in writing. Moreover, this is not a delictual matter. Therefore, notice or a demand letter was not required pursuant to La. C.C.P. art. 1702(A). Further, La. R.S. 9:2781, which was cited neither by Sarasota in it's pleadings nor by the trial court, provides that "[c]itation and service of a petition shall be deemed written demand for the purpose of this Section." As there is no dispute that Sarasota filed the petition and served it upon Defendants, no demand letter was required pursuant to La. R.S. 9:2781.

The singular case relied upon by Defendants, *Joffrion*, is distinguishable. In *Joffrion*, the plaintiff was required to send notice to defendant pursuant to La. C.C.P. art. 1702(A)(3) because counsel for defendant contacted counsel for plaintiff. 22-0646, p. 7, 358 So. 3d at 105. The record did not contain any evidence that the notice was sent to defendant. *Id*., 22-0646, p. 8, 358 So. 3d at 105. As a result, the First Circuit nullified the default judgment. *Id*., 22-0646, pp. 8-9, 358 So. 3d at 106. This assertion lacks merit.

### *Service of Judgment*

Defendants next assert that the default judgment is invalid because the trial court failed to comply with the certification requirements of La. C.C.P. art. 1913. According to La. C.C.P. art 1913(C) "notice of the signing of a default judgment shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant." Further, "[t]he clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed." La. C.C.P. art. 1913(D).

The record contains the judgment, which included the mailing address for Defendants, as well as the notice of signing of judgment, which included the minute clerk's signature that the judgment was mailed on July 21, 2023. This is the customary notice and mailing certification for the Civil District Court for the Parish of Orleans. As such, this assertion lacks merit.

### *Motion for Extension of Time*

Defendants maintain that the trial court erred by denying their Motion for Extension of Time to File Responsive Pleadings, which was filed on July 20, 2023. Because the default judgment was signed on July 14, 2023, this assertion lacks merit.

### *Prima Facie Evidence*

"Our jurisprudence holds that when an obligation is based on a writing, prima facie proof of the obligation requires introduction of the writing into evidence." *Arias*, 08-1111, p. 10, 9 So. 3d at 822. "The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Id.*, 08-1111, p. 7, 9 So. 3d at 820.

This Court has previously mandated strict compliance with the requirements

7

of La. C.C.P. art. 1702.1. *Ernest N. Morial New Orleans Exhibition Hall Auth. v. New Limits New Limits, LLC*, 16-0706, p. 8 (La. App. 4 Cir. 4/5/17), 215 So. 3d 974, 978. The certification pursuant to La. C.C.P. art. 1702.1 requires that the written motion include: 1) what the suit is on i.e., open account, etc.; 2) the type of service made on defendant; 3) the date of service on the defendant; 4) certification that the clerk examined the record and date thereof; and 5) the statement that no answer or other pleading has been filed.[3]

Sarasota's Motion for Confirmation of Default Judgment provided that this was a suit on a finance agreement/personal guarantee and that personal service was made on defendants on June 9, 2023. The certification further states that neither Defendants nor counsel for Defendants made an appearance or contacted Sarasota in writing. The certification by the clerk of court that no oppositions were filed is blank. However, the trial court's judgment contains a stamped and signed certification from the clerk of court indicating that as of 1:00 p.m. on July 1, 2023, nothing had been filed by Defendants.

Sarasota attached an affidavit from the President of Sarasota verifying the information attached thereto. Specifically, the President noted that the lease equipment finance agreement was executed by Defendants on December 18, 2019, that Mr. Denet personally guaranteed the agreement, and that Sarasota was the assignee of the obligation. The exhibits included the equipment finance agreement, the bills of sale documenting the acquisition of the obligation by Sarasota, and the ledgers documenting the payment history on the account. Notably, the personal guarantee signed by Mr. Denet that was attached to the Petition was not attached to

---

[3] The requirement to include the date of the preliminary default was removed, effective January 1, 2022.

the Motion for Confirmation of Default Judgment.

"[A] personal guarantee is a contract similar to that of suretyship; it is neither a negotiable instrument nor an open account; and the signature thereon must be proved." *Premier Brands, Inc. v. Martiny*, 377 So. 2d 864, 865 (La. App. 4th Cir. 1979). *See also Lafitte Sash & Door Co. v. Robert Bros. Homes*, 411 So. 2d 1120, 1122-23 (La. App. 4th Cir. 1982). The case *sub judice* is similar to cases wherein the insurance policy was not attached or properly introduced in default judgment proceedings. *See McIntyre v. Sussman*, 10-1281, pp. 6-8 (La. App. 4 Cir. 10/26/11), 76 So. 3d 1257, 1262; *NorthShore Reg'l Med. Ctr., L.L.C. v. Dill*, 12-0850, pp. 10-12 (La. App. 1 Cir. 3/22/13), 115 So. 3d 475, 481-83. Further, attaching documents to the petition, but failing to attach them when seeking a default judgment is fatal to the case. *See Louisiana Workers' Comp. Corp. v. Poston Indus. Maint. Co.*, 97-2612 (La. App. 4 Cir. 8/5/98), 716 So. 2d 502; *Roll-Lite Overhead Doors, a Div. of Architectural Specialties Co. v. Clover Contractors, Inc.*, 527 So. 2d 500 (La. App. 5th Cir. 1988).

Because Sarasota sought a default judgment pursuant to La. C.C.P. art. 1701.2, there was no hearing. As such, counsel for Sarasota did not introduce the entire record into evidence. The personal guarantee, which was attached to the Petition, was not attached to the Motion for Confirmation of Default Judgment. While there is a small paragraph referencing a guarantee on the bottom of the first page of the poor quality copy of the Equipment Finance Agreement, we find that insufficient as to Mr. Denet. While Sarasota complied with the certification requirements of La. C.C.P. art. 1702.1 and attached evidence establishing that

9

$16,593.17[4] was due and owing by Supreme, Sarasota's failure to attach Mr. Denet's personal guarantee was a fatal error as to Mr. Denet.

In *Lafitte Sash & Door Co.* we found the trial court erroneously granted a default judgment against an alleged personal guarantor because the signature on the personal guarantee was not proven. 411 So. 2d at 1123. We affirmed the default judgment against the defendant business, but vacated the default judgment against the defendant in his personal capacity. *Id.*

Similar to *Lafitte Sash & Door Co.*, we find the trial court erred by confirming the default judgment against Mr. Denet, as the personal guarantee was not attached or entered as evidence. However, as Sarasota complied with the certification requirements and attached the necessary documentation to establish Supreme's debt, the trial court did not err by confirming the default judgment against Supreme. Therefore, we vacate the trial court's judgment in part as to Mr. Denet in his personal capacity.[5] The remainder of the trial court's judgment is affirmed.

### *DECREE*

For the above-mentioned reasons, we find that Sarasota complied with the procedural requirements for obtaining a default judgment against Supreme. However, Sarasota failed to present a prime facie case to the trial court that Mr. Denet personally guaranteed the debt, as the guarantee was not attached to the Motion for Confirmation of Default Judgment. Therefore, the judgment of the trial

---

[4] Sarasota's pleadings sought $16,596.17. Both judgments from the trial court awarded $16,593.17.

[5] "[A]s a general proposition, the law considers an LLC and the member(s) comprising the LLC, as being wholly separate persons." *Ogea v. Merritt*, 13-1085, p. 6 (La. 12/10/13), 130 So. 3d 888, 894-95.

court pertaining to Mr. Denet personally is vacated. The remainder of the trial court's judgment is affirmed.

**VACATED IN PART; AFFIRMED IN PART**

11