## STEPHEN GIRARD'S HEIRS *v.* NEW ORLEANS et al.

In a petitory action proof of adverse possession is a necessary part of plaintiffs' case, because the petitory action can only be maintained against a party in possession.

An admission of plaintiffs' title, is not sufficient ground upon which to base a judgment against the defendants.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
H. H. *Strawbridge*, for appellants. J. J. *Michel*, for appellee.

BUCHANAN, J, This is a petitory action for land. The plaintiffs allege title in themselves as heirs-at-law of *Stephen Girard*, deceased, and an adverse possession in the cities of New Orleans and Philadelphia. The defendants severed in their answers; that of the city of New Orleans being a general denial of all the facts contained in the petition, with the exception of the heirship of plaintiffs, which was admitted. A separate trial was had as against the city of New Orleans, on the admission of heirship contained in the answer, and a further admission that *Stephen Girard* died in 1831, possessed, in full ownership, of the land claimed in this suit by plaintiffs. No other evidence whatever was offered on either side. The District Court rendered judgment of nonsuit against plaintiffs, from which they appeal.

<div style="float:left">GIRARD'S HEIRS<br>v.<br>NEW ORLEANS.</div>

There is no error in this judgment. The general denial put at issue not only the title of plaintiffs, but the adverse possession of defendants. The proof of such adverse possession was a necessary part of plaintiffs' case, because the petitory action can only be maintained against a party in possession. C. P., Art. 43.

Taking for granted, therefore, that the admissions above mentioned dispensed with proof of plaintiffs' title to the land mentioned in the petition, yet something more was necessary to be established, before the plaintiffs could have judgment against the appellee (the city of New Orleans,) for the land. There is not only no proof connecting the city of New Orleans with the land claimed, but no offer of such proof.

The admission of plaintiffs' title has thus the form of an abstract proposition, leading to no practical consequences; and least of all, to a judgment against the party making the admission. It would be hard, if I should be held liable for all the property of which I would admit that the title was not in myself.

Judgment affirmed, with costs.