(90 South. 236)

No. 23575.

## C. A. DUNHAM & CO. v. LOCKE et al.

(Nov. 28, 1921.)

*(Syllabus by Editorial Staff.)*

1. Judgment ⬤⟹128—Judgment held not the confirmation of a judgment by default but the recital of a judgment upon hearing.

A judgment against a defendant, not appearing until after the minute entry of default against it, rendered in favor of another defendant, *held* a mere recital of the cause coming on to be heard and of a judgment in favor of such other defendant and against the defendant appellant and others in solido, and not the confirmation of a default, in view of Act No. 167 of 1912, as amended by Act No. 221 of 1914 and Act No. 262 of 1916.

2. Judgment ⬤⟹130—In cases of judgment by default plaintiff must prove his demand.

Code Prac. art. 312, requires that to confirm a judgment taken by default the plaintiff must in all cases prove his demand, and to recover for materials furnished to contractor and used in the owner's building a judgment not showing contractor's default or failure to carry out his contract, or that any demand was ever made upon him or his surety, will not be sustained.

149 LA.—29

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by C. A. Dunham & Co. against Louis Locke and others. The defendant Maryland Casualty Company appeals from a judgment rendered against it and in favor of a codefendant. Judgment annulled, and case remanded for proceedings not inconsistent with opinion.

P. M. Milner, of New Orleans, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee Merchants' Bldg. Co., Inc.

O'NIELL, J. The Maryland Casualty Company, a defendant in this suit, has appealed from a judgment rendered against the company, by default, in favor of a codefendant, for $4,426.67, with legal interest from judicial demand.

The suit was instituted by C. A. Dunham & Co. against the Merchants' Building Company, as owner of a building constructed in Shreveport, and against Louis Locke, who had contracted and given bond to equip the building with a heating and vacuum cleaning system, and against the Maryland Casualty Company, as surety on Locke's bond, to recover a debt of $1,335, claimed by the plaintiff for materials furnished to Locke and used in installing the heating and cleaning apparatus. Averring that ten other claimants, named in the petition, had recorded claims for materials or labor furnished to the contractor, plaintiff prayed that they be also cited and be given an opportunity to assert their claims. Plaintiff prayed finally for judgment for $1,335, with legal interest, against Louis Locke, the Merchants' Building Company and the Maryland Casualty Company, in solido, and for such judgment as the evidence might warrant with regard to the other parties who had recorded their claims.

The Merchants' Building Company, answering the petition, admitted that Louis Locke had entered into the contract and had given the bond, as alleged; denied that there was any indebtedness due to plaintiff, and averred that Louis Locke had failed and refused to carry out his contract and was therefore indebted to the Merchants' Building Company for $4,426.67, for labor and material used in completing the heating and cleaning equipment. The Merchants' Building Company therefore prayed that the demand of the plaintiff should be rejected and that the building company should have judgment against Louis Locke and the Maryland Casualty Company, in solido, for $4,426.67, with legal interest from the date of the filing of the answer.

Louis Locke died after the suit was filed, and his widow, having qualified as administratrix of his succession, was cited as defendant in the suit. After filing an exception of want of citation and a plea to the jurisdiction of the court, which exception and plea were overruled, the administratrix answered, denying that her husband had defaulted on his contract, and denying that his succession owed any debt by reason of the contract.

The Maryland Casualty Company did not answer the suit, or make an appearance until five days after the judgment had been rendered. The company then filed a motion for a new trial, which was denied, on the ground that the motion was filed too late.

Several, though not all, of the other parties who had recorded their claims against the contractor answered the suit and asserted their claims. As no further proceedings were had with regard to their claims, we assume that they were paid or in some way satisfied, either by the owner of the building or by the surety company. It is said that the succession of the deceased contractor was insolvent.

The answer of the defendant Merchants' Building Company, praying for judgment against the codefendants, Louis Locke and the Maryland Casualty Company, was not served upon either of the codefendants; in fact, there was no prayer for citation. Appellee contends that service of citation was not required by the statute under which this concursus proceeding was brought (Act 167 of 1912, p. 302, as amended by Act 221 of 1914, p. 418, and as amended by Act 262 of 1916, p. 536).

The decision in the case of Equitable Real Estate Co. v. National Surety Co., 133 La. 448, 63 South. 104, appears to be authority for the proposition that, when the owner of the building provokes a concursus proceeding by suit against the contractor and the surety on his bond and against the subcontractors and furnishers of material or labor, any subcontractor or furnisher of materials or labor made defendant in the suit, may obtain judgment against the contractor and his surety without further citation or service of the answer of the party asserting such demand against the contractor and his surety. But we are not so sure that the rule is applicable to a case where, as in this case, a furnisher of materials or labor provokes the concursus, and the owner of the building, in answer to the suit, prays for judgment against the contractor and the surety on his bond, for a claim not theretofore heard of. It is not necessary, however, to decide the question in this case, because the surety company has become a party to the suit since the judgment was rendered, and, for reasons which will be stated hereafter, the judgment must be set aside and the case remanded to the district court.

[1] The only record of a preliminary judgment by default having been taken against appellant is an entry in the minutes of the court thus: "Default against Maryland Cas-

ualty Company." As far as we know, that might have been intended as a tacit joinder of issue between the original plaintiff and the defendant casualty company. The minutes do not show that the case was ever fixed or assigned for trial or for confirmation of default against the Maryland Casualty Company, or against any other party, for that matter. The next entry in the minutes, on that subject, after the entry, "Default against Maryland Casualty Company," is this statement: "Evidence adduced. Judgment for plaintiff, Merchants' Building Company." Hence it appears that the defendant Merchants' Building Company was regarded as a plaintiff in the case. The judgment itself does not purport to be a confirmation of a preliminary judgment taken by default. It recites merely that, this case coming on to be tried, and the law and the evidence being in favor thereof, it is ordered, adjudged and decreed that the Merchants' Building Company have judgment against the succession of Louis Locke and the Maryland Casualty Company, in solido, for the sum of $4,426.67, etc.

[2] The defects in the proceedings heretofore mentioned, however, are not so serious as is appellant's complaint that the evidence in the case does not sustain the judgment appealed from. A complete transcript of the testimony taken is in the record and is very brief. Only two witnesses testified in the case. The first witness testified that he was the architect who superintended the construction of the building, and that every item (except the last two items, which he knew nothing about), on the account which was said to be annexed to the Merchants' Building Company's answer, but which is not in the record, was correct. He was handed a large mass of vouchers, which are in the record, and testified that he had examined them and that they bore his "O. K." and were correct; that they were all "for material and labor used in compliance with the contract that Locke had with the Merchants' Building Company"; that they covered, not only the steam heater, but also the vacuum cleaning apparatus, "and all was used in the building." The other witness is not identified as having had any relation, as employee or agent or representative, or otherwise, with the Merchants' Building Company, or with any one else, for that matter. He testified that every item on the account was correct; that the items "were used in compliance with Louis Locke's contract with the Merchants' Building Company"; and that he, the witness, had paid the bills on orders from the superintendent of the building.

No evidence whatever was offered to show that the contractor was put in default or failed to carry out his contract, or that any demand was ever made upon him or the surety company. In fact, it can hardly be said that there is proof that the Merchants' Building Company paid out more than the amount stipulated in the contract; for the statement of the two witnesses that the labor and materials charged for "were used in compliance with the contract" implies that there was a compliance with the contract.

The written contract and the contractor's bond were introduced in evidence. Strange to say, the bond, as copied in the record, does not state any condition on which the surety shall be liable. It recites merely that the condition of this obligation is such that, whereas the principal on the bond has entered into a certain contract, etc., and it concludes abruptly with the statement that, now, if the said principal shall do this and do that, etc.; but there is no statement as to what the consequence or liability would be if the principal on the bond should not comply with the conditions stipulated. It may be that the clerk overlooked that part of the

instrument in copying it in the transcript; or it may be that, even if the original instrument is defective in that respect, the surety should be held liable for the conditions required by the statute on the subject. We refrain from expressing an opinion regarding the liability on the bond, resting our decree upon the insufficiency of the testimony in the case. The Code of Practice requires that, to confirm a judgment taken by default, the plaintiff must, in all cases, prove his demand. Article 312.

The judgment is annulled, and it is ordered that this case be remanded to the district court for further proceedings not inconsistent with the foregoing opinion. The costs incurred in taking the evidence on the trial had in the district court, and the costs of this appeal, are to be borne by appellee Merchants' Building Company; the question of liability for other costs is to depend upon the final judgment.