For the reasons assigned, the judgment appealed from is affirmed.

9 So.2d 424

## WHALEN v. DAVIS.
### No. 36477.

June 29, 1942.

Fred G. Veith, of New Orleans, for appellant.

Nicholas G. Carbajal and Arthur Landry, both of New Orleans, for appellee.

ROGERS, Justice.

This is a suit brought by Miss Kate Whalen, claiming that she is the owner of a certain lot of ground with the improvements thereon situated in the City of New Orleans. After setting forth the description of the property and her chain of title thereto in paragraphs one and two of the petition, plaintiff sets forth her cause of action in paragraph three of the petition as follows: "Petitioner further shows that Joseph Davis is in the actual physical possession of said property without any title whatsoever thereto and without any right to remain on said property; that said Joseph Davis refuses to deliver possession of said property to petitioner, without any good or legal cause for such refusal." The prayer of the petition is for judgment in favor of the petitioner, Miss Kate Whalen, and against the defendant, Joseph Davis, "recognizing petitioner as the true and lawful owner of said property, and, as such, entitled to the full and undisturbed possession thereof, and ordering said Joseph Davis to deliver possession of said property to petitioner."

Domiciliary service of the petition and citation was made on the defendant, but he failed to answer the petition, and judgment by default was rendered against him. Plaintiff was recognized in the judgment as the lawful owner of the property described in her petition and defendant was ordered to deliver possession of the property to plaintiff and to pay all costs of suit.

Service of the judgment on defendant was made by leaving a copy thereof at his domicile in the hands of his wife. Shortly thereafter, defendant applied for and was granted a suspensive appeal from the judgment.

The defendant offers two reasons why the judgment appealed from should be annulled and the case remanded. They are: First, that there is no proof in the record that defendant is in possession of

the property, and if in possession thereof, that his possession is illegal; and second, that prior to the rendition of the judgment no affidavit was filed showing that defendant is not in the military service of the United States as provided by paragraph 4 of section 200 of Article 2 of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1178, 50 U.S.C.A. Appendix § 520(4).

Considering the first reason urged by defendant for the annulment of the judgment, we find that when the judgment was taken the following note of evidence was made by counsel representing the plaintiff: "I offer the entire record of Miss Kate Whalen against Joseph Davis, No. 240–312, petition, citation showing service on defendant on June 17th, 1941, preliminary default entered on July 11th, 1941;" also copies of seven acts of sale, a state tax research certificate and proceedings in the Succession of Roas Burns, No. 147–590 of the Civil District Court, "especially the judgment dated May 30th, 1923, registered in C.O.B. 361, folio 403," showing plaintiff's chain of title to the property claimed by her.

The record contains the petition of the plaintiff, duly verified as required by law, the sheriff's return showing service of the petition and citation, the entry of a default, and the judgment confirming the default; the note of evidence, and copies of the documents referred to in the note of evidence; the sheriff's return showing service of a copy of the judgment; the motion and order for an appeal, the appeal bond, and an affidavit by two citizens of New Orleans showing that the defendant is not engaged in the military or naval service of the United States, which affidavit was filed after defendant's motion for a suspensive appeal was granted and perfected. Attached to the transcript of the record filed in this court is the certificate of E. J. Raymond, Deputy Clerk of the Civil District Court for the Parish of Orleans, showing that the forty (40) pages composing the transcript "do contain all the proceedings had, documents filed, and evidence adduced upon the trial of the cause."

Article 310 of the Code of Practice provides: "If the defendant do not appear either in person or by his advocate after the delay provided by law, the plaintiff may take a judgment by default against him." Article 311 provides: "Such judgment may be obtained by moving for it in court, but it consists merely in a statement on the records of the court, showing that the defendant has failed to appear." Article 312 provides, in part: "If, two days (whether judicial or non-judicial but exclusive of Sundays and legal holidays) after the first judgment has been rendered, the defendant neither appear nor file his answer, definitive judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases, * * *."

Article 312 of the Code of Practice requires that, to confirm a judgment taken by default, the plaintiff must, in all cases, prove his demand. Dunham & Co. v. Locke, 149 La. 897, 90 So. 236.

The effect of the entry of a preliminary default is to form a tacit joinder of issue on the basis of a general denial.

It merely serves to put the plaintiff on proof of the relevant facts alleged. Siegel v. Helis, 186 La. 506, 172 So. 768.

■ Plaintiff contends that since this is a petitory action in which she proved her title, it was not necessary that she should also prove that defendant was in possession of the property. Plaintiff's contention is that her action merely involves a question of title and not the question of possession. The contention is untenable. Plaintiff alleges not only that she is the owner of the property, but also that the defendant is in the actual possession thereof. Possession is a question of fact the proof of which is essential to support plaintiff's action. It is not dispensed with because plaintiff took judgment by default.

■ In a petitory action, proof of adverse possession is a necessary part of plaintiff's case, because the petitory action can only be maintained against a party in possession. Girard's Heirs v. New Orleans, 13 La.Ann. 295.

In Cherami v. Cantrelle, 174 La. 995, 142 So. 150, in considering petitory actions which had been consolidated for the purposes of trial, this court held that where defendants denied the possession imputed to them by plaintiffs, the actions must fall as plaintiffs did not show that defendants were in possession of the property as alleged.

■ The petition verified by the plaintiff is not evidence of the facts alleged therein and the other evidence offered by plaintiff to sustain his action is not sufficient for that purpose. Pfeifer v. Bacharach, 10 La.App. 30, 121 So. 196, and authorities therein cited.

■ Plaintiff contends that if defendant is not in possession, his appeal involves merely a moot question which defendant has no standing to raise. There is no substance to this contention. If defendant is not in possession, the action is not petitory and should be dismissed since a petitory action can only be brought by one claiming the ownership of an immovable against one in possession thereof. Code Prac., arts. 5 and 43; Bossiers' Heirs v. Jackson, 114 La. 707, 38 So. 525.

The evidence in the record being insufficient to support the judgment on confirmation of default, it follows that the case must be remanded for further proceedings. Therefore, it is not necessary to consider the second reason urged by defendant for the annulment of the judgment that no affidavit was filed prior to judgment showing that defendant was not in the military or naval service of the United States.

For the reasons assigned, the judgment appealed from is annulled and the case is remanded to the district court for further proceedings according to law. Plaintiff is to pay the cost of this appeal.