LOTTINGER, Judge.
This is a petitory action wherein the plaintiffs have appealed from a judgment of the Lower Court which dismissed their suit. The property claimed by them is described in their petition as follows:
“A certain lot of land situated in the Parish of Lafourche, State of Louisiana, on the left descending side of Bayou Lafourche at about fifty (50) miles from the Town of Thibodaux, measuring forty-eight (48') feet front facing Bayou Lafourche, by the depth of three hundred four (304"') feet from water’s edge of Bayou Lafourche. Bounded above, rear and below by land of Louis J. Pierce, now or formerly.”
The Trial Judge rendered written reasons for judgment which read in part as follows:
“The testimony of Salvador Boufan-nie is that he was living at LaRose, Louisiana (18 or 20 miles away), when his father purchased from Francois Deramee in 1912 the property situated at Golden Meadow claimed by plaintiffs, where he visited frequently until his father’s death in 1915; and that when he moved to St. Bernard Parish in 1924 his step-mother still resided on the property. He stated that Olezime Cheramie was the ‘neighbor below’, but that he does not know in what section the land is located. He also testified that ‘some of my people’ were on the property in 1924, when the witness moved to St. Bernard Parish, but he does not know whether they were there after that time.
“Etienne Rousse, another witness, testified that he planted the Boufannie land for three years in 1922, 1923 and 1924, and that Olezime Cheramie owned the land below the Boufannie property.
“The widow of Pasqual Boufannie testified that she lived on the land about two and one half or three years, after which time she left and never returned. One of the instruments in plaintiffs chain of title, particularly referred to in Article 6 of the petition, describes a *457 tract of land that is bounded ‘below by-lands of Lazime Cheramie’.
“The testimony of the defendant is that he has resided on the property where he is now living since 1900. This is confirmed by a judgment of Court rendered May 23, 1936, (although the answer of the defendant alleges the date as July 7, 1936) in the matter bearing the No. 7254 on the civil docket of this Court, entitled: ‘Nolan Tom-plain versus Olezime Cheramie’, which fixes the line FH, shown on a plan of survey made by J. A. Lovell, C. E., dated November 18, 1935, and located in Section 24, T19S, R22E, as the upper boundary of the property of Olezime Cheramie.
“Thereafter, another proceeding bearing the No. 10,108 on the civil docket of this Court, and entitled ‘01-ympio Boufannie versus Olezime Cher-amie, et al’ was filed, and in which a judgment was rendered on September 24, 1954, which referred to suit No. 7254, and to the exercise of possession by Olezime Cheramie since 1900.
“It is our view that the testimony in the record does not show that the property claimed by plaintiffs is situated below the line FH on the plan of survey hereinabove referred to, nor is there any showing that Olezime Cheramie possessed or claimed any land above the said line. On the contrary the only showing is that the entire ownership and possession of Olezime Cheramie is below the line FH aforementioned.
“Since there is no evidence of possession by plaintiffs below the line FH, and since it is unlikely that there could have been any possession by plaintiffs below the line FH in the light of the two judgments of this Court aforementioned, it is our view that the plaintiffs have failed to show a possession involving any claim or possession by Olezime Cheramie. Indeed, there is no showing of any conflict either of ownership or possession between the plaintiffs and the defendant. In the absence of such showing, the demands of plaintiffs must necessarily be denied.
“Accordingly, it is ordered, adjudged and decreed that there be judgment in favor of the defendant, Olezime Cher-amie, and against the plaintiffs, Mrs. Eve Arceneaux Boufannie, et al, denying and dismissing the demands of the latter at their cost.”
The suit was filed on May 26, 1955, heard on January 3, 1956, and judgment rendered May 20, 1959; consequently it is governed by the Code of Practice of 1870, as amended, and particularly Article 43 thereof, which reads in part as follows:
“Parties defendant — Lessee’s duty to declare name of lessor. — The peti-tory action, or one by which real property, or any immovable right to such property may be subjected, is claimed, must be brought against the person who is in the actual possession of the immovable, even if the person having the possession be only the farmer or lessee.” (Emphasis supplied).
The above provision was the subject of comment in the case of Whalen v. Davis, 200 La. 1066, 9 So.2d 424 as follows:
“Plaintiff contends that since this is a petitory action in which she proved her title, it was not necessary that she should also prove that defendant was in possession of the property. Plaintiff’s contention is that her action merely involves a question of title and not the question of possession. The contention is untenable. Plaintiff alleges not only that she is the owner of the property but also that the defendant is in the actual possession thereof. Possession is a question of fact the proof of which is essential to stipport plaintiff’s action. It is not dispensed with because plaintiff took judgment by default.
“In a petitory action, proof of adverse possession is a necessary part of *458 plaintiff’s case, because the petitory action can only be maintained against a party in possession. Girard’s Heirs v. [City of] New Orleans, 13 La.Ann. 295.' (Emphasis supplied).
* * * * * *
“Plaintiff contends that if defendant is not in possession, his appeal involves merely a moot question which defendant has no standing to raise. There is no substance to this contention. If defendant is not in possession, the action is not petitory and should he dismissed since a petitory action can only he brought by one claiming the ozvnership of an immovable against one in possession thereof. Code Prac., arts. S and 43; Bossiers’ Heirs v. Jackson, 114 La. 707, 38 So. 525.” (Emphasis supplied).
As pointed out by the Court in the quotation set forth above the question of possession is one of fact. The Trial Court here ruled that plaintiffs have failed to prove that defendant’s possession was over the tract described in the petition and counsel have not pointed out anything in the evidence which would show this conclusion to be erroneous. Furthermore, it might be appropriate to point out that if any confusion did arise (which we doubt) on this point, plaintiffs have only themselves to blame as will be seen from the following comment in their brief:
•"The plaintiffs have advisedly not alleged that the property in controversy mas located in any particular section, that being an issue to be determined by the Court in some subsequent boundary proceeding.” Brief of plaintiffs-appellants, page 5. (Emphasis supplied).
It is interesting to note however that under Article 3651 of the LSA-Code of Civil Procedure which went into effect on January 1, 1961 the above codal provision and jurisprudence has been modified and we quote Article 3651 of said code as follows:
“The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff’s ownership.” (Emphasis supplied).
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.