Judge Terri F. Love
| ¶This appeal arises from the defendant’s representation of the plaintiff. Plaintiff hired defendant to represent him in an underlying criminal proceeding. Plaintiff paid defendant a partial fee of $6,900 before terminating defendant’s representation prior to trial. Plaintiff then sought the return of the fees paid. After refusing an offer of $1,000, plaintiff filed suit against defendant for malpractice/breach of contract. Defendant failed to answer plaintiffs petition. The trial court entered a preliminary default judgment for plaintiff. Defendant then filed a motion to vacate the preliminary default judgment, which was denied, but the defendant later prevailed at the trial on the merits. The trial court dismissed plaintiffs claims with prejudice after finding that defendant did not commit legal malpractice.
Plaintiff appealed asserting that the appellate record was incomplete, that the trial court erroneously entered two opposing final judgments, and that the trial court erroneously inteipreted the law and evidence. We find that the record for reviewing the trial on the merits was sufficient and that the trial court did not enter two opposing judgments because the default was a preliminary default. We find that plaintiffs legal malpractice claims were perempted. However, the trial court 12was not manifestly erroneous by finding that defendant did not commit legal malpractice. Accordingly, we affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 15, 2011, Eric Hamilton was arrested during a multi-agency narcotics investigation. Mr. Hamilton was in possession of three kilograms of cocaine and $12,040.00 in cash. Mr. Hamilton hired Lionel Lon Burns to represent him for this and related charges. A contract was con-fected on March 27, 2011. Belinda Seals, Mr. Hamilton’s girlfriend, paid Attorney Burns payments of $1,000.00, $5,000.00, $150.00 (check that was never used), and $300.00 a month for approximately three months on behalf of Mr. Hamilton. Attor *1180 ney Burns received a total of $6,900.00 of the $35,000.00 contract price to represent Mr. Hamilton. When Attorney Bums met with Mr. Hamilton in jail, he was advised by Mr. Hamilton that his alleged drug deal was captured on videotape by the gas station surveillance equipment where the alleged drug deal occurred. Attorney Burns and his staff attempted to obtain the videotape, to no avail.[1]
The bill of information regarding Mr. Hamilton was not filed until “very close to the trial date,” which was originally August 22, 2011.[2] On August 15, 2011, Attorney Burns filed a motion to enroll, which the trial court granted on August 22, 2011. The trial date was continued, and Attorney Burns received a termination letter dated August 26, 2011 from Mr. Hamilton. Mr. Hamilton was ultimately tried and convicted.
Mr. Hamilton then filed a complaint against Attorney Burns with the Office |.qof Disciplinary Counsel of the Louisiana Attorney Disciplinary Board (“LADB”) contending that Attorney Burns should return the money paid for representation. The LADB referred Mr. Hamilton’s complaint to the Louisiana State Bar Association’s Attorney-Client Assistance Program (“LSBA”). Thereafter, the LSBA facilitated an exchange of information, letters, and settlement offers between Attorney Burns and Mr. Hamilton. Attorney Burns offered to pay Mr. Hamilton $1,000.00, which Mr. Hamilton accepted until he learned that Attorney Burns would be refunding the money payable to Mr. Hamilton and Ms. Seals, as she was the paying party; Following the failed resolution, Mr. Hamilton filed a Petition for Recovery of Money Paid and Request for Damages as a Result of Malpractice and Breach of Contract against Attorney Burns and the Office of Lionel Lon Burns, Attorney at Law. Mr. Hamilton alleged that Attorney Burns “allowed key evidence to be lost, destroyed and confused with another case.”
Attorney Burns did not file an answer, and approximately eight months after filing the petition, Mr. Hamilton filed a Motion for Entry of a Preliminary Default, which was granted. Attorney Burns filed a Motion to Vacate Mr. Hamilton’s Default Judgment because he was never served with the citation. Attorney Burns also filed an Exception of Improper Venue. The trial court denied both the Motion to Vacate and the Exception of Improper Venue. Following a bench trial on the merits, the trial court found that Attorney Burns did not commit legal malpractice and dismissed Mr. Hamilton’s suit. Mr. Hamilton’s appeal followed.
Mr. Hamilton contends that this Court should remand the matter because the record on appeal is incomplete, that the trial court erred by finding for Attorney Burns because the default judgment was final, and that the trial court erroneously interpreted the law and evidence.
| STANDARD OF REVIEW
“In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a district court’s finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety.” Hall v. Folger Coffee Co., 03-1734 (La. 4/14/04), 874 So.2d 90, 98. “Thus, a reviewing court may not merely decide if it would have found the facts of the case differently.” Id, “The reviewing court should affirm *1181 the district court where the district court judgment is not clearly wrong or manifestly erroneous.” Id.
“This court has announced a two-part test for the reversal of a factfinder’s determinations.” Stobart v. State through Dep’t of Tramp. & Dev., 617 So.2d 880, 882 (La.1993). First, “[t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court.” Id. Second, “the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).” Id. “[T]he issue to be-resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one.” Id. “Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not, be disturbed upon review where conflict exists in the testimony.” Id.
“The manifest error standard of review also -applies to mixed questions of law and fact.” A.S. v. D.S., 14-1098 (La. App. 4 Cir. 4/8/15), 165 So.Bd 247, 254. However, “[l]egal questions are reviewed utilizing the de novo standard of review.” Robert v. Robert Mgmt. Co., LLC, 11-0406 (La.App. 4 Cir. 12/7/11), 82 So.3d 396, 398. We must determine “whether the court’s interpretive decision is legally correct.” Duhon v. Briley, 12-1137 (La.App. 4 Cir. 5/23/13), 117 So.3d 253, 258.

COMPLETE RECORD

Mr. Hamilton contends that the record on áppeal is incomplete because certain documents are missing from the record; such as: Appellee’s “Memorandum in Support of Defendant’s Motion to Vacate and Appellee’s answers to appellant’s interrogatory questions as well as various transcripts of two motions hearings that took place prior to trial. Because this appeal concerns a review of the trial on the merits,, the. missing documents cited by Mr. Hamilton are unnecessary to the resolution of this matter. Additionally, “[t]he appellant bears the burden of designating the record on appeal.” State v. Fields, 13-1493 (La.App. 4 Cir. 10/8/14), 151 So.3d 756, 769 n. 3. As such, deficiencies would be attributed to Mr. Hamilton.

PRELIMINARY DEFAULT

Mr. Hamilton asserts that the trial court entered two opposing final judgments because his preliminary default judgment was final, and rendered prior to the trial on the merits.
“The effect of the entry of a preliminary default is to form a tacit joinder of issue on the basis of a general denial.” Whalen v. Davis, 200 La. 1066, 1070-71, 9 So.2d 424, 425 (La.1942). “It merely serves to put the plaintiff on proof of the- relevant facts alleged.” Id.
Mr.' Hamilton’s argument lacks merit because the preliminary default judgment was not final in the sense that he avers unless and until it was confirmed. See generally La. C.C.P. art. 1701 and 1702. In the present matter, the preliminary | ^default judgment was never confirmed. As such, there was no preexisting final judgment precluding the judgment after the trial on the merits.

MALPRACTICE

Mr. Hamilton maintains that the trial court erroneously interpreted the law and evidence, which caused error in the judgment finding that Attorney Burns did not commit- legal malpractice. Mr. Hamilton contends that Attorney Burns committed legal malpractice by allowing “key evidence to be lost, destroyed and confused with another case.”

*1182
Peremption

“Peremption is a period of time fixed by law for the existence of a right.” La. C.C. art. 3458. “Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.” Id. “Peremption may not be renounced, interrupted, or suspended.” La. C.C. art. 3461. The time periods for filing suit for alleged legal malpractice are peremptive periods. La. R.S. 9:5605(B).
An action for legal malpractice must be brought “one year from the date of the alleged act, omission, or. neglect, or within one year from the. date that the alleged act, omission, or neglect is discovered or should have been discovered.” La. R.S. 9:5605(A). “[H]owever, even as to actions filed within one year from the date of such discovery, in all events such actions shall be -filed ■ at the latest within three years from the date of the alleged act, omission, or neglect.”.id.
Attorney Burns did not file-an exception of peremption with the trial court or with this Court, The trial court did not find that Mr. Hamilton’s claims for legal malpractice were perempted. However, a court may supply peremption on its own motion. La. C.C. art. 3460. See also Borel v. Young, 07-0419, .8 (La. 11/27/07), 989 So.2d 42, 48-49.
|7Mr. Hamilton was convicted in October 2011, and his motions for new trial/arrest of judgment were denied in January 2012. He filed a complaint with the LDB in September 2011. However, Mr. Hamilton did not file his suit alleging legal malpractice and breach of contract against Attorney Burns until May 20, 2013, which was roughly a year and four months after he was aware that Attorney Burns did not procure the videotape of the alleged drug deal and that he would be serving life for his conviction. While Mr. Hamilton chose to try and settle his monetary dispute with Attorney Burns through the LADB process, peremptive periods cannot be interrupted. Accordingly, over one year passed before Mr. Hamilton filed his suit. For these reasons, we find that Mr. Hamilton’s suit was perempted.

Merits

Although we find that Mr. Hamilton’s suit was perempted, out of an abundance of caution, we now discuss the merits of his legal malpractice claim.
“Louisiana jurisprudence provides that to establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence.” Teague v. St. Paul Fire & Marine Ins. Co., 07-1384 (La. 2/1/08), 974 So.2d 1266, 1272. It is undisputed that Mr. Hamilton hired Attorney Burns to represent him. Thus, we must examine whether Mr. Hamilton presented evidence to prove Attorney Bums’ negligence at trial.
The Louisiana Supreme Court held that “a party alleging legal malpractice must introduce expert testimony to establish the standard of care except in those rare cases involving malpractice so egregious that a lay jury could infer the defendant’s actions fell below any reasonable standard of care.” MB Indus., LLC v. CNA Ins. Co., 11-0303 (La. 10/25/11), 74 So.3d 1173, 1176. Mr. Hamilton bore “the burden of proving the defendant failed to „exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality.’ ” MB Indus., LLC, 11-0303, p. 15, 74 So.3d at 1184; quoting Ramp v. St. Paul Fire and Marine Ins. Co., 263 La. 774, 269 So.2d 239, 244 (1972).
Randy Tucker, who worked for Attorney Burns as a contract employee at the time of Mr. Hamilton’s representation, testified that he worked towards securing the vid *1183 eotape from three different people every day for about three weeks. The gas station informed him that its security company would have to reproduce the videotape. Mr. Tucker was told that the videotape would not be erased. He prepared a subpoena for the videotape. However, no formal charges were pending against Mr. Hamilton at the time. Therefore, the subpoena could not be issued.
As to Mr. Hamilton’s arraignment, Attorney Burns’ office never received a subpoena to appear. According to Mr. Tucker, Mr. Hamilton’s case was “fast tracked” because of his alleged involvement in an escape attempt.
Attorney Burns filed a motion to enroll as Mr. Hamilton’s counsel on August 15, 2011. Attorney Burns stated that the videotape captured the drug deal and “the video in no way would have assisted— would have helped your case.”[3] Attorney Burns stated that the gas station employees told him the videotape was no longer available.
Peter John was hired to take over the representation of Mr. Hamilton around August 26, 2011. The triál court declined to qualify Attorney John as an expert | gwitness. He testified that law enforcement also attempted to retrieve the videotape, to no avail. Attorney John stated that it was customary to enroll as counsel “[a]s soon as an indictment or an affidavit or a bill of information is filed with or without a ease number, we can enroll; and we have.” He further testified that “in some cases ... he files “a motion, to enroll without a number.” Attorney John recalled that Mr. Hamilton’s bill of information was filed “very close to the [initial] trial date.” Attorney John testified that “[t]here’s nothing you can do” if you cannot obtain a subpoena and the custodian of the evidence refuses to turn over a copy.
Attorney Bums demonstrated that he did not enroll until after formal charges were accepted against Mr. Hamilton. Mr. Hamilton failed to present expert testimony to establish the standard of care. However, Attorney John stated that this was his customary practice. Attorney Burns and Mr. Tucker testified as to their attempts to secure the videotape of the alleged drug deal. As stated above, the subpoena prepared for the videotape could not be used because no formal charges were pending against Mr. Hamilton. Attorney John also stated that law enforcement attempted to retrieve the videotape to no avail. As such, we do not find that the trial court committed manifest error by finding that Attorney Burns did not commit legal malpractice.

DECREE

For the above-mentioned reasons, we find that the appellate record was sufficient to review the trial on the merits. Mr. Hamilton’s primary default judgment was not confirmed. Thus, no existing final judgment prohibited the trial court ruling after the trial on the merits. Lastly, we find that Mr. Hamilton’s claims for legal malpractice were perempted. However, the trial court did not |incommit manifest error by finding that Attorney Burns did not commit legal malpractice. The judgment of the trial court is affirmed.
AFFIRMED
BELSOME, J., CONCURS IN THE RESULT

. Attorney Burns maintains that the videotape incriminated Mr. Hamilton, while Mr. Hamilton claims it was exculpatory.

. Mr. Hamilton attached a copy of the bill of information to his appellant brief. The bill was dated June 29, 2011.

. ,Mr. Bums viewed the videotape at the gas station when he attempted retrieval. However, the gas station employees stated that its security company would have to make the copy.