NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-4

LARRY BIZE, SR. AND

MICHELE R. BIZE

VERSUS

MALCOLM LARVADAIN, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 257,342
HONORABLE GEORGE METOYER JR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.

AFFIRMED.

**Nelson W. Cameron**
**675 Jordan Street**
**Shreveport, LA 71101**
**(318) 226-0111**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Larry Bize, Sr.**
    **Michele R. Bize**

**James H. Gibson**
**Alan W. Stewart**
**Gibson Law Partners, LLC**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Malcolm Larvadain**
    **Edward Larvadain, III**

**Kelvin G. Sanders**
**418 Desoto Street**
**Alexandria, LA 71315**
**(318) 487-0009**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Edward Larvadain, Jr.**

**EZELL, Judge.**

Larry and Michele Bize appeal the decision of the trial court granting an exception of peremption and a motion for summary judgment in favor of Malcolm and Edward Larvadain. For the following reasons, we affirm the judgment of the trial court.

The facts underlying this case were laid out by this court when it was previously before us in *Bize v. Larvadain*, 18-394 (La.App. 3 Cir. 12/28/18), 263 So.3d 584, *writ denied*, 19-419 (La. 5/6/19), 270 So.3d 577. There, we noted:

> Larry Bize, Sr. was arrested following a March 2008 incident at a bar he owned in Avoyelles Parish. Mr. Bize and his wife, Michelle [sic] R. Bize, retained Malcom [sic] Larvadain (Mr. Larvadain) to represent them in a suit by which they alleged that the Avoyelles Parish Sheriff's deputies involved in the arrest were liable to them for physical and mental damages resulting from the incident. That initial petition was filed in March 2009.
>
> In September 2010, a first supplemental and amending petition was filed attempting to plead claims pursuant to 42 U.S.C. § 1983. The trial court granted a motion for summary judgment in July 2015 as to those latter claims on the basis of prescription and upon a finding that they did not relate to the original petition due to its lack of allegations in support of the § 1983 claims. The trial court also granted summary judgment on the basis of an absence of genuine issues of material fact, as the plaintiffs "failed to provide any evidence that they will be able to satisfy their evidentiary burden regarding said claims at trial." Thus, the trial court dismissed all § 1983 claims.
>
> The remaining issues proceeded to trial before Judge Kerry Spruill. During a recess in the proceedings, Mr. and Mrs. Bize entered into a November 13, 2015 settlement agreement, whereby they would receive $50,000 over a twelve-month period. However, the matter was not dismissed at that point.
>
> In April 2016, with the agreement confected, the defendants in the personal injury suit filed a Motion to Enforce Settlement. While that motion was pending, Mr. Bize discharged Mr. Larvadain and retained Nelson W. Cameron as reflected in a May 2, 2016 Motion to Enroll and Withdraw as Counsel. Mr. Bize thereafter filed a Motion to Recuse, asserting that he had lacked capacity to enter into the settlement agreement and that Judge Spruill was a potential witness at the forthcoming hearing on the Motion to Enforce Settlement. Judge

William J. Bennett was assigned to consider the motion to recuse. Following a hearing, Judge Bennett denied the motion, explaining in his reasons for ruling that Judge Spruill was not a witness to Mr. Bize's alleged deterioration given the latter's testimony that he became distraught during settlement negotiations that occurred during a recess.

Afterwards, on September 8, 2016, Mr. and Mrs. Bize signed a formal Receipt and Release of All Claims. Therein, they acknowledged that, for the sum of $50,000, they released, acquitted, and discharged the officers named as defendants in the suit. In turn, the trial court granted the parties' Joint Motion to Dismiss and ordered, on November 15, 2016, that Mr. and Mrs. Bize's suit be dismissed as to all defendants.

Mr. and Mrs. Bize instituted the present matter, also in November 2016, by filing a Petition for Damages and Trial By Jury in Rapides Parish. The plaintiffs named Mr. Larvadain and his brother, Edward Larvadain, III, as defendants, as well as their purported partnership. The plaintiffs alleged that Mr. Larvadain committed various instances of legal malpractice in his representation of them in the initial matter, including: 1) failing to timely plead claims allegedly arising under 42 U.S.C. § 1983 and failing to timely pursue an appeal or writ on a determination that such claims had prescribed; 2) failing to file the matter in federal court; and 3) pleading causes of action against the defendants in their official capacities and not in their individual capacities. The plaintiffs additionally alleged that Mr. Larvadain "counseled Plaintiffs to enter into a settlement agreement dismissing the named Defendants with prejudice. Due to failures in the pleading as drafted and the filings and subsequent practice, the settlement obtained was woefully inadequate." They continued, asserting that Mr. Larvadain "knew or should have known during the settlement negotiations that Larry Bize was under duress at the time and was not competent to proceed with a settlement." The plaintiffs alleged that they had suffered "loss of damages including but not limited to attorney fees, punitive damages and sufficient compensation for the losses sustained in the case filed in Avoyelles Parish district court."

The plaintiffs thereafter filed three amending petitions. By those petitions, the plaintiffs named Edward Larvadain, Jr. as an additional defendant, suggesting that he assisted in Mr. Larvadain's representation of them. Among other factual assertions, the plaintiffs alleged legal malpractice in the failure to employ experts in the use of force or arrest and in economics; the failure to conduct sufficient and timely discovery; and in the failure to conduct a prompt prosecution of the matter. And, finally, the plaintiffs alleged that certain instances of purported malpractice were not known to them at the time of the occurrence. Rather, by the second and third amended petitions, the

plaintiffs contended that Mr. Larvadain acted with an intent to conceal the purported malpractice, doing so by failing to inform them of, among other things, the summary judgment resulting in the dismissal of the 42 U.S.C. § 1983 claims. They alleged that they only became aware of such actions after examination of the Avoyelles Parish Court records in November 2016 and only after receipt of the file from Mr. Larvadain. The plaintiffs further asserted that the delivery of the file was not prompt. Those actions, the plaintiffs contended, reflected concealment and fraud per La.R.S. 9:5605(E).

*Id.* (footnotes omitted) at 588–91.

At the time we heard the case, the Bizes had included in their amended petitions not only claims of inadequate settlement, but also that Mr. Bize was coerced into accepting the settlement agreement. We upheld the trial court's exception of peremption in part, but reversed in part, remanding for further proceedings "on th[e] final, non-fraud based allegation of malpractice, i.e., that related to the entry of settlement in light of the allegation of mental incapacity." *Bize*, 263 So.3d at 605. We remanded "for the trial court's further consideration of the exception of peremption on that single cause of action." *Id.*

After remand, the Bizes attempted to amend their petition again, filing a fourth amended petition on July 24, 2019, almost four years after the settlement agreement was reached. Asserted in that petition were claims that Mr. Larvadain reached an inadequate settlement and that he coerced Mr. Bize into accepting the settlement. The Larvadains answered with an exception of peremption, which was granted by the trial court. The Larvadains also filed a motion for summary judgment, alleging the Bizes could not prove malpractice in the case, as there was no evidence that Mr. Larvadain knew or should have known of any incapacity Mr. Bize had at the time of settlement, if one did indeed exist. The trial court granted that motion for summary judgment, dismissing the Bizes' claims. From those decisions, the Bizes appeal.

3

On appeal, the Bizes assert two assignments of error: they claim that the trial court erred in granting the exception of peremption on their claims surrounding the allegedly inadequate settlement and that the trial court erred in granting the motion for summary judgment, as Mr. Larvadain was aware of Mr. Bize's claims that he suffered from Post Traumatic Stress Disorder (PTSD) after the original incident with the Sherriff's Office. We can find no merit in either claim.

The Bizes first claim that the trial court erred in finding that the claims raised in their fourth amended petition were preempted. We disagree.

> Peremption is a period of time fixed by law for the existence of a right, and unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. Civ.Code art. 3458. Thus, peremption is a period of time, fixed by law, within which a right must be exercised or be forever lost. *Guillory v. Avoyelles Ry. Co.*, 104 La. 11, 15, 28 So. 899, 901 (1900). Consequently, peremption may not be renounced, interrupted, or suspended. La. Civ.Code art. 3461. It may, however, be pleaded or supplied by the court on its own motion at any time prior to final judgment. La. Civ.Code art. 3460.

> Peremption differs from prescription in several respects. While liberative prescription merely prevents the enforcement of a right by action, it does not terminate the natural obligation; peremption, however, destroys or extinguishes the right itself. [*State Bd. of Ethics v.*] *Ourso*, 02-1978 at p. 4, 842 So.2d [346,] 349; *Hebert* [v. *Doctors Memorial Hosp.*], 486 So.2d [717,] 723; *Pounds v. Schori*, 377 So.2d 1195, 1198(La.1979). Public policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, nothing may interfere with the running of a peremptive period. *Ourso*, 02-1978 at p. 4, 842 So.2d at 349; *Hebert*, 486 So.2d at 723; *Reeder v. North*, 97-0239 (La.10/21/97), 701 So.2d 1291, 1298. The peremptive period may not be interrupted or suspended or renounced, and exceptions such as *contra non valentem* are not applicable. *Ourso*, 02-1978 at p. 4, 842 So.2d at 349; *Hebert*, 486 So.2d at 723; *Reeder*, 701 So.2d at 1298.

*Borel v. Young*, 07-419, p. 8 (La. 11/27/07), 989 So.2d 42, 48-49, *on reh'g* (7/1/08).

Louisiana Revised Statutes 9:5605 provides, in pertinent part, for the time limits in which to file legal malpractice actions:

4

A. No action for damages against any attorney at law duly admitted to practice in this state . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. . . . The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

Here, the allegedly inadequate settlement was reached November 13, 2015. The Bizes filed their original malpractice petition via fax November 14, 2016. Previously, we affirmed the trial court's prior judgment sustaining the Larvadains' earlier exception of peremption in part, but reversed in part, remanding for further proceedings "on th[e] final, non-fraud based allegation of malpractice, i.e., that related to the entry of settlement in light of the allegation of mental incapacity." *Bize*, 263 So.3d at 605. We remanded "for the trial court's further consideration of the exception of peremption *on that single cause of action*." *Id.* (emphasis ours). The fourth amended petition was filed on July 24, 2019, largely repeating and rephrasing earlier claims asserted in the original and earlier amended petitions *beyond* the single cause of action we remanded for consideration thereof.

The Bizes attempt to walk a tight rope in claiming that the inadequate settlement and coercion claims raised in that fourth amended petition were not issues previously considered and dismissed by us, while at the same time arguing that they are not new causes of action, which would obviously be facially

5

perempted. We find their argument unconvincing. If the claims raised in the fourth amended petition were new causes of action, they are clearly perempted, as that petition was filed almost four years after the alleged malpractice occurred. If those issues were merely claims that are related to the cause of action in the original petition for the purposes of relation back, then they have already been considered and rejected by this court.

A review of the record shows that the claims asserted in the fourth amended petition were raised, in nearly identical language, as late as the third amended petition, prior to our previous ruling upholding the exception of peremption in part. We remanded for further consideration of the exception of peremption on the "single cause of action. . . related to the entry of settlement in light of the allegation of mental incapacity." *Bize*, 263 So.3d at 605. "A trial court must not consider issues other than those for which the case was remanded." *Picard v. Vermilion Par. Sch. Bd.*, 00-1222, p. 8 (La.App. 3 Cir. 4/4/01), 783 So.2d 590, 596, *writ denied*, 01-1346 (La. 6/22/01), 794 So.2d 794.

Furthermore, "[b]ecause the cause of action no longer exists after the termination of the peremptive period and any right to assert the claim is destroyed, there is nothing to which an amended or supplemental pleading filed after the peremptive period has expired can relate back." *Naghi v. Brener*, 08-2527, p. 11 (La. 6/26/09), 17 So.3d 919, 925-26. Upon our ruling that peremption ran as to all claims other than mental incapacity, the right to assert any and all other claims was destroyed, with nothing left to relate back to. We find no error in the trial court's ruling that the claims asserted in the fourth amended petition are perempted.

The Bizes next claim that the trial court erred in granting the Larvadains' motion for summary judgment. Again, we disagree.

6

A moving party is entitled to summary judgment when it shows that there are no genuine issues of material fact and that it is "entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment is favored by law and provides a vehicle by which "the just, speedy, and inexpensive determination" of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

> Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Greemon v. City of Bossier City*, 2010-2828 (La. 7/1/11), 65 So.3d 1263, 1267; *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880, 882; *Allen v. State ex rel. Ernest N. Morial–New Orleans Exhibition Hall Authority*, 2002-1072 (La. 4/9/03), 842 So.2d 373, 377. In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id*. at 765–66.

> On motion for summary judgment, the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. *See* La. C.C.P. art. 966(D)(1); *see also Schultz v. Guoth*, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1006.

*Larson v. XYZ Ins. Co.*, 16-745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416.

> "Louisiana jurisprudence provides that to establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence." *Teague v. St. Paul Fire & Marine Ins. Co.*, 07-1384 (La. 2/1/08), 974 So.2d 1266, 1272. . . .

The Louisiana Supreme Court held that "a party alleging legal malpractice must introduce expert testimony to establish the standard of care except in those rare cases involving malpractice so egregious that a lay jury could infer the defendant's actions fell below any reasonable standard of care." *MB Indus., LLC v. CNA Ins. Co.*, 11–0303 (La. 10/25/11), 74 So.3d 1173, 1176. Mr. Hamilton bore "the burden of proving the defendant failed to [']exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality.' " *MB Indus., LLC*, 11–0303, p. 15, 74 So.3d at 1184; *quoting Ramp v. St. Paul Fire and Marine Ins. Co.*, 263 La. 774, 269 So.2d 239, 244 (1972).

*Hamilton v. Burns*, 16-107, p. 7 (La.App. 4 Cir. 9/28/16), 202 So.3d 1177, 1182.

It is undisputed that the Bizes hired Malcolm Larvadain to represent them. Thus, we must examine whether the Bizes presented evidence to prove Mr. Larvadain acted negligently in recommending settlement. We find they did not.

The Bizes claim that Mr. Bize lacked mental capacity to enter into contract on the day of the settlement. A genuine issue of material fact may exist as to whether or not he actually had capacity. However, in order for Mr. Larvadain's actions to arise to the level of negligent malpractice, he would have to have known, or Mr. Bize's behavior would have to have been bad enough at trial that Mr. Larvadain should have known he lacked capacity at that time. A review of the record shows that the Bizes failed to provide evidence that, even if a mental incapacity did indeed exist, Mr. Larvadain knew of it.

On the motion for summary judgment, Mr. Larvadain attached deposition testimony of Dr. Rebecca Nolan, the psychologist who was the expert witness for the Bizes in the original trial. Dr. Nolan was present for trial and testified that Mr. Bize responded to all questions in a clear, logical, and understandable manner. She stated he never showed any emotional outpouring. She stated that Mr. Bize never presented as suicidal or even overly upset, even though he was clearly disappointed in the settlement amount. She testified that Mr. Bize never articulated any suicidal

ideation at all the day of trial. Dr. Nolan stated unequivocally that she felt Mr. Bize had the capacity to enter the settlement. She even noted that after the fact, when he began to try to back out of the settlement contract, she told Mr. Bize that he had indeed been in his right mind when he entered the agreement. Not only did she never feel that Mr. Bize lacked mental capacity, but most importantly for the matter at hand, she testified that she never told Mr. Larvadain anything that would indicate that Mr. Bize lacked mental capacity to settle.

Mr. Larvadain also introduced reasons for judgment for the denial of a recusal motion Mr. Bize filed against Judge Kerry Spruill, who had presided over the original trial. Mr. Bize had planned on calling Judge Spruill to testify about his behavior on the stand. In denying the recusal motion, Judge William Bennett stated that he both read the transcript and listened to the audio recording of the trial. Judge Bennett found that Mr. Bize appeared "extremely calm and assertive, talking in a normal pattern." Judge Bennett stated that "no emotion appeared from the voice of Bize." There was no indication from Judge Spruill that he had taken a recess during Mr. Bize's testimony due to his emotional state, but rather due to routine procedure. Judge Bennett noted that when recess was taken, Mr. Bize was not talking about any serious or traumatic issues that would induce a breakdown, but rather the simple matter of his doctor's retirement. Judge Bennett noted that no severe anxiety, duress, or suicidal ideation occurred during Mr. Bize's testimony at trial, and that the evidence failed to reflect any lack of reason on Mr. Bize's part.

Mr. Larvadain testified that he had no reservations about Mr. Bize's mental capacity, as he never saw or was given any indication that he was incapable of contracting. He stated that, while Mr. Bize was nervous on the stand, he answered questions coherently. He stated that Mr. Bize was disappointed in the amount of

the settlement, but never gave him any indication that he may have been suicidal. In fact, Mr. Larvadain testified that when Mr. Bize approached him after the settlement was reached about challenging the amount, Mr. Larvadain told him that he would not "because [he] had no basis to." He stated that he would not challenge the award by claiming Mr. Bize was suicidal because "he was not." It is clear from the record that while Mr. Larvadain understood Mr. Bize to be disappointed in the settlement amount, he clearly did not believe that Mr. Bize lacked capacity to enter the agreement.

In fact, in his own testimony, Mr. Bize states that Mr. Larvadain should have known he was lacking mental capacity to contract simply because he was crying the day of trial and having a hard time deciding whether to accept the settlement. Mr. Bize did cry at certain points, even putting his head down on the table. The evidence in the record shows that Mr. Bize indeed was disappointed in the settlement amount and wanted the Sherriff's Office to be punished more for their behavior. Nevertheless, despondency or disappointment alone do not arise to a mental incapacity to contract or, in and of themselves, put anyone else on notice of any inherent mental deficiency.

The record shows no behavior on Mr. Bize's part that would give a layman the notion he lacked the ability to contract. No one sought to interdict or hospitalize Mr. Bize due to his behavior, and everyone who actually witnessed his behavior felt he had capacity to agree to the settlement.[1] If Dr. Nolan, Mr. Bize's own expert psychologist who witnessed him at trial, felt his behavior showed he

---

[1] The Bizes did submit the affidavit of Dr. Kimberly Law, who stated he did lack capacity and that Mr. Larvadain should have known he was suffering a PTSD episode due to the stress of trial. However, Dr. Law was not present at trial the day of the settlement and did not witness Mr. Bize's behavior that day in any way. We do not find her conclusory affidavit to be sufficient to raise a genuine issue of material fact, especially in light of the testimony of those who actually saw Mr. Bize on the day in question.

possessed capacity, we would be hard pressed to find that an attorney and mental health layman such as Mr. Larvadain would have been put on notice that any actual mental incapacity existed at the time of settlement. The Bizes have failed to offer any competent evidence that his behavior was so obviously unhealthy that Mr. Larvadain should have known he lacked mental capacity. Accordingly, we find that the Bizes have failed to prove Mr. Larvadain knew or should have known he lacked capacity to settle and, therefore, cannot meet their burden of proof in this malpractice claim. As such, the Larvadains are entitled to judgment as a matter of law. We can find no error in the trial court's granting of the Larvadains' motion for summary judgment.

For the above reasons, the decisions of the trial court are hereby affirmed. Costs of this appeal are hereby assessed against the Bizes.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

11