KIRA REAVER                         *        NO. 2022-CA-0464

VERSUS                              *        COURT OF APPEAL

DEGAS HOUSE, L.L.C.                 *        FOURTH CIRCUIT

                                   *        STATE OF LOUISIANA

                                   *

                                   *
                        * * * * * * *

NEK

**ERVIN-KNOTT, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS**

Although I concur with the majority's affirmation of the trial court's evidentiary ruling and judgment on overtime compensation, I write separately to dissent on the finding regarding penalty wages.

A trial court's determination of whether an employer is arbitrary or in bad faith is a question of fact subject to the manifest error standard of review. *Steak v. Hat World, Inc.*, 2015-1108, p. 7 (La. App. 4 Cir. 5/04/16), 191 So. 3d 712, 716. In order to reverse the trial court's determination, this Court must find that a reasonable factual basis for the trial court's finding does not exist from the record and that the finding is clearly wrong. *Hamilton v. Burns*, 2016-0107, p. 4 (La. App. 4 Cir. 9/28/16), 202 So. 3d 1177, 1181.

A review of the record shows Degas House, LLC was not in good faith. The record shows there was clearly a dispute between the parties regarding the amount of unpaid commission owed to Ms. Reaver. La. R.S. 23:631(B) mandates, "In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due . . . ." Degas did not dispute that Ms. Reaver was owed commission on certain events. However, the record shows that Degas did not pay any portion of that commission to Ms. Reaver. Although Mr.

Villarrubia testified at trial that he included Ms. Reaver's commissions in her last pay check, he did not know how much of that check was for commissions, nor did he have any documents to corroborate his testimony that she had been paid those commissions. The trial court noted that there was no record of Ms. Reaver being paid any commission. An employer who negligently fails to pay wages owed is not in good faith. *See Steak*, 2015-1108, p. 6, 191 So. 3d at 716. Therefore, the trial court's finding that Degas was in good faith is not supported by the evidence in the record, and the trial court erred by not awarding penalty wages as required by statute.

For this reason, I respectfully dissent from the majority's finding on penalty wages and would reverse the judgment to include penalty wages under La. R.S. 23:632(A).